SPAULDING ET AL., RESPONDENTS, *v.* LAMBROS ET AL., APPELLANTS.

(No. 4,586.)

(Submitted November 15, 1920. Decided November 22, 1920.)

[193 Pac. 565.]

*Attorney and Client — Contracts — Validity — Public Policy— Complaint—Sufficiency—Negative Pregnant.*

Attorney and Client—Fees—Complaint—Negative Pregnant.
 1. The complaint in an action to recover attorneys' fees, which, after setting forth the rendition of the services at defendants' special instance and request and their reasonable value, alleged "that the defendants have not paid the same or any part thereof," *held* not open to the objection that the allegation of nonpayment was pregnant with the admission that someone other than the defendants might have paid the amount claimed before the action was begun, since there is no presumption that anyone will pay the debt of another.

Same—Contracts—Securing Alien's Exemption from Military Service—Public Policy.
 2. An agreement between an attorney and an alien who had not declared his intention to become a citizen of the United States, to establish the latter's exemption from military service under the Selective Service Act, was not void as in contravention of public policy, since, under that Act, aliens were not liable to military service during the war.

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

ACTION by C. A. Spaulding and others against Peter D. Lambros and another. From judgment for plaintiffs and an order denying their motion for new trial, defendants appeal. Affirmed.

*Messrs. O'Flynn & O'Flynn* and *Mr. T. J. Davis,* for Appellants, submitted a brief; *Mr. Ed. O'Flynn* argued the cause orally.

From the rule announced by this court and adhered to from 3 Montana down to 49 Montana, it is apparent that one of the vital allegations for a cause of action of the character at bar is the allegation that the amount claimed has not been paid, nor has any part thereof been paid. (*Hershfield* v. *Aiken,* 3 Mont. 442; *Van Horn* v. *Holt,* 30 Mont. 69, 75 Pac. 680; *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044; *Bebee* v. *Jackson,* 32 Mont. 217, 79 Pac. 1051; *Cooper* v. *Romney,* 49 Mont. 119, Ann. Cas. 1916A, 596, 141 Pac. 289; *Lent* v. *New York & M. Ry. Co.,* 130 N. Y. 504, 29 N. E. 988; *Frisch* v. *Caler,* 21 Cal. 71.) Counsel may argue that the allegations appearing in paragraph V of their amended complaint is sufficient; however, the amended complaint would have greater strength for appellant without such allegation. The allegation that defendants have not paid the sum claimed comes absolutely within the rule of negative pregnant. It is an allegation pregnant in the admission that some person other than the defendants may have paid. This court has determined in the following cases that a negative pregnant is not good or sufficient pleading: *Toombs* v. *Hornbuckle,* 1 Mont. 286; *Bach, Cory & Co.* v. *Montana Lumber & Produce Co.,* 15 Mont. 345, 39 Pac. 291; *Yank* v. *Bordeaux,* 29 Mont. 74, 74 Pac. 77; *Agle* v. *Standard Drug Co.,* 29 Mont. 111, 74 Pac. 135.

The testimony in this cause shows that a great part of the services rendered by the plaintiffs was rendered in obtaining affidavits from influential men in the city of Butte, known to

plaintiffs, which affidavits were to be used, undoubtedly, for the purpose of exercising what influence they might upon the action of the district exemption board. In view of this fact the case falls within the rule announced in *Spaulding* v. *Maillet*, 57 Mont. 377, 188 Pac. 377.

*Messrs. Canning & Geagan* and *Mr. Spaulding*, Respondents, *pro se*, submitted a brief; *Mr. Spaulding* argued the cause orally.

If there was any failure to state a cause of action in the complaint as amended because it failed to aver that someone other than appellants had not performed their contract for them, the same was cured by the allegations of the answer. The answer admits that services were performed by respondents, but avers that the value of such services was only $200, which sum one of appellants had offered to pay but payment was refused. This clearly shows that appellants conceded that no payment was ever made, and that the only controversy in this case at any time was the proper amount to be charged and paid for the services rendered. Such an admission cures any omission of allegation that might exist regarding the fact admitted. (21 Ruling Case Law, p. 492; *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, 282, L. R. A. 1916D, 836, 152 Pac. 481.) In addition, the answer specifically admits that appellants have not paid the amount claimed in the complaint nor any part thereof. This, coupled with the admission that a contract existed, clearly suffices to *prima facie* fix a liability in some amount on appellants. They could only escape that liability by showing that, notwithstanding this admitted breach of the contract, and their failure to pay, someone else had compensated respondents, and hence they were no longer liable. In other words, performance by someone else 'was wholly a matter of defense and not an essential allegation of the complaint.

But without regard to the foregoing, if there existed any insufficiency of the amended complaint by reason of its lack of allegation that no person other than appellants had performed their contract for them, such insufficiency was cured

by evidence introduced on the trial without objection that no payment of any amount by anyone had ever been made.

It is well settled in this jurisdiction that insufficiencies in a complaint even to the extent of failure to state a cause of action are cured by proof directed to the omitted matter introduced without objection. In such case the complaint is deemed amended to meet the proof and suffices to sustain the judgment. (*Lackman* v. *Simpson*, 46 Mont. 518, 129 Pac. 325; *Moss* v. *Goodhart*, 47 Mont. 257, 131 Pac. 1071; *Arizona Eastern R. Co.* v. *Globe Hardware Co.*, 14 Ariz. 397, 129 Pac. 1104; *Smith* v. *Smith*, 38 Cal. App. 388, 176 Pac. 382; *Bush* v. *Bush* (Utah), 184 Pac. 823.)

At no place in the evidence in this case can it be found that there was any attempt on the part of John Lambros or any other person to evade military services, or to avoid the provisions of the Selective Service Act. John Lambros was an alien, and under the express provisions of that Act was not liable to be inducted into military service. The books abound in cases in which counsel appeared for parties claiming their rights to be exempted from military service under the Act. These are cases of alienage, and the attention of this court is very respectfully directed to a few thereof: *United States* v. *Finley*, 245 Fed. 871; *Angelus* v. *Sullivan*, 246 Fed. 54, 158 C. C. A. 280; *United States* v. *Kinkead*, 248 Fed. 141; *Ex parte Blazekovic*, 248 Fed. 327; *Summertime* v. *Local Board, Division No. 10*, 248 Fed. 832; *United States* v. *Mitchell*, 248 Fed. 997; *Halpern* v. *Commanding Officer of National Army etc. New York*, 248 Fed. 1003.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action by plaintiffs to recover of the defendants for legal services' rendered them and for money expended at their special instance and request. The services rendered were for the purpose of establishing a claim by defendant John Lambros of exemption from military service in the army of the United States under the Selective Service Act. (Chapter 15, p. 76,

40 Stats. at Large (U. S. Comp. Stats. 1918, U. S. Comp. Stats. Ann. Supp. 1919, secs. 2044a–2044k, 9 Fed. Stats. Ann., 2d ed., p. 1136, *etc.;* Fed. Stats. Ann. (1919), p. 364, *etc.*).

The amended complaint alleges that the services were [1] rendered between September 1 and December 1, 1917; that they were of the reasonable value of $1,000; and that the sum of $100 was expended by plaintiffs in the payment of necessary traveling expenses, hotel bills, *etc.* It is further alleged "that the defendants have not paid the same nor any part thereof." Upon the overruling of their general demurrer, defendants answered, admitting that services were rendered by the plaintiffs Canning and Geagan reasonably worth not more than $200, which sum the defendant John Lambros is ready and willing to pay, but the plaintiffs have refused to accept. All other allegations are denied. The jury returned a verdict for $700, with interest at eight per cent per annum from December 1, 1917, when demand was made upon the defendants for payment. The cause is before this court on appeals from the judgment and an order denying defendants' motion for a new trial.

The defendants' brief contains several assignments of error, but only two questions are submitted for consideration: (1) Whether the court erred in overruling defendants' demurrer; and (2) whether the evidence is sufficient to justify the verdict.

It is contended that the complaint is fatally defective in that it fails to allege properly that the amount claimed by plaintiffs has not been paid. This contention is disposed of by the case of *Sanford* v. *Newell,* 18 Mont. 126, 44 Pac. 522, in which was considered a pleading similar to the one before us. Of it the court said: "The complaint is good as against general demurrer. It alleges the performance of certain services as attorneys for the defendants, that such services were performed at the special instance and request of the defendants, and that the services were reasonably worth $500, and that defendants have not paid the same. These are allegations of fact upon which issues could be and were made." It is said by counsel that the allegations referred to are pregnant with

the admission that some person other than the defendants may have paid the amount before the action was brought. This contention has no merit, for the reason that there is no presumption that anybody other than the defendants themselves would, under any circumstances, assume to pay their debt.

The second contention proceeds upon the theory that it [2] appears from the evidence that the services were rendered for the purpose of aiding John Lambros, one of the defendants, to evade military service under the Federal Act referred to *supra*, and that an agreement to perform such services was void because it was in contravention of public policy. This contention is also without merit, for the reason that it appears that defendant John Lambros was an alien who had not declared his intention to become a citizen of the United States. Under the express provisions of the Selective Service Act *supra*, he was not liable to be inducted into military service. The provision of section 2 of the Act declares what persons were liable to service, as follows: "Such draft as herein provided shall be based upon liability to military service of all male citizens, or male persons not alien enemies who have declared their intention to become citizens, between the ages of twenty-one and thirty years, both inclusive." This provision necessarily excluded all aliens who had not declared their intention to become citizens. Since no person of this class was under obligation to enter the service, it was Lambros' privilege, if he chose to do so, to claim his exemption and to employ counsel to assist him in the preparation and presentation of his claim to the local exemption board having jurisdiction to determine it. The assertion of his claim by this defendant not being disloyal or in contravention of public policy it cannot be said that the plaintiffs were open to the charge of disloyal or unethical conduct in agreeing to represent him or in exacting from him compensation for their services.

The judgment and order are affirmed.

*Affirmed.*

Associate Justices Holloway, Hurly, Matthews and Cooper concur.