HON. WILLIAM H. HUNT,
HON. HORACE R. BUCK, [1]  } Associate Justices.
HON. WILLIAM T. PIGOTT, [2]

---

## FRED WHITESIDE, RESPONDENT, *v.* OMAR HOSKINS, EL AL., APPELLANTS.

[Submitted Oct. 26, 1897.  Decided Jan. 10th, 1898.]

### *Creditor's Bill—Pleading—Evidence.*

1. CREDITOR'S BILL—*Pleading.*—In an action to set aside a deed on the ground that it was fraudulent as to plaintiff, an allegation in the complaint that plaintiff had recovered a judgment against the grantor, that execution had been issued thereon and had been returned wholly unsatisfied, and that the return on the execution stated that the sheriff after due diligence was unable to find any property of the defendant upon which to levy, sufficiently shows the insolvency of the grantor.
2. EVIDENCE.—In such an action it is not error to allow plaintiff to testify that the judgment upon which the suit is based, was not satisfied.

---

(1) Judge Buck died on December 6, 1897.
(2) Judge Pigott was appointed on December 21 and qualified on December 24, 1897.

*Appeal from District Court, Flathead county. C. W. Pomeroy, Judge.*

Action by Fred Whiteside against Omar Hoskins and others, to set aside a deed, and to subject the property to the payment of a judgment. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

Action by plaintiff and respondent to set aside as fraudulent and void a certain conveyance of real estate executed on October 3, 1892, by the Kalispell Townsite Company to defendant and one of the appellants, Maggie Hoskins, and to subject the property referred to to the payment of a judgment recovered July 19, 1893, for $748.65, in plaintiff's favor, against Omar Hoskins, defendant and appellant, which judgment was based on an indebtedness due plaintiff herein for work and material furnished to Omar Hoskins by plaintiff under a contract with Omar Haskins for the construction of a brick building upon the lots conveyed as aforesaid to Maggie Hoskins. It is alleged by the plaintiff that the said judgment was never paid or satisfied, and that execution issued thereon on July 19, 1893, was returned wholly unsatisfied; that Omar Hoskins purchased the lots himself, and was the owner thereof in October, 1891, but that on October 3, 1892, he caused the same to be conveyed by the townsite company to his wife, Maggie Hoskins, in order to cheat and defraud plaintiff, and to hinder him in the collection of his judgment, and that she accepted the conveyance with knowledge of the fraudulent purposes of her husband.

The case was tried to a jury, and special issues submitted. The court adopted the findings of the jury, and rendered judgment in plaintiff's favor. The appeal is from the judgment and order denying defendant's motion for a new trial.

*B. J. McIntire,* for Appellants.

*M. D. Baldwin* and *W. N. Noffsinger,* for Respondent.

HUNT, J.—It appears by the record that when the appellant Omar Hoskins purchased the two lots involved in this suit from the Kalispell Townsite Company, in addition to agreeing to pay therefor a money consideration, he contracted to put a building on the property. It was, accordingly, under a contract to erect the requisite building that plaintiff did the work and supplied the material for which he originally sued and obtained his money judgment. When the building was completed, the conveyance of the lots was made, however, by the townsite company under the direction of Omar Hoskins to Mrs. Hoskins, wife of Omar Hoskins.

The material issue in this action was, therefore, whether or not the defendants Omar and Maggie Hoskins took the title to the lots referred to in the name of Maggie Hoskins for the purpose of defrauding this plaintiff, and preventing him from collecting his judgment against Omar Hoskins. The jury found specially and directly that they did. Inasmuch as there is ample evidence to sustain this finding, which was adopted by the District Court, we shall proceed to briefly examine the errors relied upon by appellants in their brief.

It is said that the court erred in rendering judgment against defendants, because there is no allegation in the complaint, and no finding, that at the commencement of this suit Omar Hoskins was not the owner of sufficient property to satisfy the plaintiff's judgment, and against which execution could have been had. The complaint, which was filed October 19, 1893, avers that on July 19, 1893, execution was issued upon the judgment of Whiteside against Hoskins against the property of Hoskins, but that the sheriff returned the same wholly unsatisfied, his return reciting that after due and and diligent search he was unable to find any property of the defendant Omar Hoskins upon which to levy. The answer admitted the truth of the foregoing averments. We are of the opinion that these allegations were sufficient. They are such as generally prevail in cases where a creditor, by bill in equity, would subject his debtor's interest in property to the payment of the debt, and are allowed upon the principle that such

a showing makes it apparent that resort to a court of equity is necessary, the creditor being remediless at law. (*Ryan* v. *Spieth*, 18 Montana, 45, 44 Pac. 403.) The averments may contain evidentiary matters, but, if so, they are harmless as against the argument that under them the court has no power to render judgment as in this case.

It is next contended that the court erred in allowing plaintiff to testify to the fact that the judgment which is the basis of plaintiff's action had never been satisfied. We believe the question was entirely proper, as, manifestly, the record is not the only means by which proof of the payment or satisfaction of a judgment may be made.

Several other errors are assigned upon the ground that certain admissions of ownership of the property made by Omar Hoskins were improperly admitted, because they could not bind his wife, Maggie Hoskins. They were offered, apparently, for the purpose of proving the ownership of Omar Haskins, and for that purpose were clearly admissible.

We find no error in the case, and the judgment must be affirmed.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.