# HART–PARR CO., Appellant, *v.* SCHAFER et al., Respondents.

## (No. 5,696.)

(Submitted April 25, 1925.  Decided May 21, 1925.)

[236 Pac. 675.]

*Fraudulent Conveyances—Insolvency of Debtor—Relationship of Parties—Inadequacy of Consideration—Appeal.*

Fraudulent Conveyances—Insolvency of Debtor—Return of Execution Unsatisfied *Prima Facie* Sufficient Showing.
  1.  Return of execution unsatisfied is sufficient proof of exhaustion of the legal remedy; such a return establishes *prima facie* the insolvency of the debtor and that he has no other property out of which the execution could be made, and entitles the execution creditor to maintain a suit to set aside a conveyance as made in fraud of his rights.

---

1.  See 12 R. C. L. 636, 660.

Same—Relationship of Parties—Subject to Rigid Scrutiny.

2. While the mere fact of the relationship of brother and sister between the defendants in a suit to set aside a conveyance as fraudulent is not itself a badge of fraud, the rule is that transfers between near relatives are subject to the most rigid scrutiny, and the fact of such relationship may properly be considered, with other evidence, as reflecting the intention with which the transfer was made.

Same—Inadequacy of Consideration—Rule.

3. Where the disparity between the true value of property transferred and the price paid is so great as to shock the conscience of a correct mind, it is sufficient to avoid the sale as fraudulent.

Same—Consideration Held Inadequate.

4. Under the above rules, *held*, that where the owner of property worth $67,500 transferred it to his sister for the consideration of one dollar, who thereupon gave to him a power of attorney under which he practically had the same control over it he had had before the transfer, the trial court erred in holding that plaintiff had not made out a *prima facie* case of fraudulent conveyance.

Trial—Motion for Judgment at Close of Evidence of Adverse Party—Motion Erroneously Granted—Effect on Appeal.

5. Where defendants in a suit to set aside a fraudulent conveyance at the close of plaintiff's case moved for judgment in their favor, without introducing testimony that the consideration of one dollar recited in the deed for property worth $67,500, was not the true consideration, and the court erroneously decided in their favor, the supreme court will reverse the judgment and direct entry of judgment in favor of plaintiff.

---

Fraudulent Conveyances, 27 **C. J.**, sec. 135, p. 485, n. 42, 25; sec. 153, p. 495, n. 58, 59; sec. 606, p. 742, n. 16; sec. 615, p. 746, n. 47; sec. 749, p. 812, n. 96; sec. 855, p. 868, n. 95.

*Appeal from District Court, Judith Basin County; Rudolph Von Tobel, Judge.*

ACTION by the Hart-Parr Company against Anton Schafer and Elizabeth Grunschell. Judgment for defendants and plaintiff appeals. Reversed and remanded, with direction to enter judgment for plaintiff.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted an original and a supplemental brief; *Mr. John McKenzie* argued the cause orally.

---

2. Proof of fraud in action to set aside fraudulent conveyance, see note in 11 **Am. St. Rep.** 757.

3. See 12 **R. C. L.** 542.

4. Voluntary transfers as in fraud of creditors, see notes in 7 **Am. Dec.** 362; 14 **Am. Dec.** 703; 28 **Am. Rep.** 721; 14 **Am. St. Rep.** 739; 119 **Am. St. Rep.** 556. See, also, 12 **R. C. L.** 549.

Citing: *Merchants' Nat. Bank* v. *Greenhood,* 16 Mont. 395, 41 Pac. 250, 851; *Wadsworth* v. *Schisselbauer,* 32 Minn. 84, 19 N. W. 390; *Spooner* v. *Travelers' Ins. Co.,* 76 Minn. 312, 315-317, 77 Am. St. Rep. 651, 79 N. W. 305; *Botsford* v. *Beers,* 11 Conn. 369, 375; 27 C. J., secs. 565, 575, 603, 608, 663; 12 R. C. L., sec. 130; Bump° on Fraudulent Conveyances, 543.

No appearance on behalf of Respondents.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that on March 31, 1921, a judgment was duly given and made in the district court of Cascade county in favor of the plaintiff and against the defendant Schafer for the sum of $1,427.50 in an action upon a claim which accrued to the plaintiff prior to the eleventh day of March, 1919; that subsequent thereto an execution was duly issued on said judgment, directed to the sheriff of Judith Basin county, wherein the defendant Schafer resided; that the sheriff thereafter made his return on said execution to the effect that, after making due search, he was unable to find any personal property belonging to the defendant Schafer within the county of Judith Basin out of which to satisfy the execution, but that he had levied upon certain real estate standing on the records in the name of Elizabeth Grunschell; that he was unable to collect the amount due on said execution and returned it wholly unsatisfied. The complaint then alleges that on the eleventh day of March, 1919, the defendant Schafer was the owner of the real estate upon which the sheriff had made his levy, and that on said date he conveyed the same to the defendant Grunschell without any consideration whatever, and with the intent to hinder, delay and defraud the plaintiff in the collection of its claim, and that the same was received by said defendant Grunschell with full knowl-edge of such intent; that at the time of said conveyance, and

at the time of the commencement of the suit, the said defendant Schafer was wholly insolvent and had no other property subject to execution out of which his debts could be satisfied. The prayer of the complaint is that said conveyance be declared void as to the plaintiff, and for general relief.

To this complaint the defendants filed a joint answer, in which it was admitted that the plaintiff had obtained judgment against the defendant Schafer, as alleged in the complaint, that the defendant Schafer owned the real estate involved on the eleventh day of March, 1919, and that on said date he conveyed the same to the defendant Grunschell. The other allegations of the complaint were denied.

The case was called for trial before a jury. To sustain the allegations of the complaint the plaintiff introduced a certified copy of the judgment-roll of the *Cascade County Case,* together with the execution and the sheriff's return thereto, with proof that the plaintiff was then the owner of said judgment; that the same had not been paid; and also the record of a warranty deed, dated March 11, 1919, conveying the real estate involved from the defendant Schafer to the defendant Grunschell, which recited that the same was made "for and in consideration of one dollar in hand paid"; and also introduced the record of a power of attorney executed by the defendant Grunschell and her husband to the defendant Schafer, in which the latter was constituted the attorney and representative of the defendant Grunschell and her husband in relation to the sale, leasing and managing both of the real estate and personal property then owned or thereafter to be acquired by the defendant Grunschell in the state of Montana, with full power to do and perform any act or thing in reference thereto which the defendant Grunschell could do if personally present and acting in her own behalf. This power of attorney was acknowledged on the twelfth day of March, 1919.

The defendant Schafer, called as a witness on behalf of plaintiff, testified that the defendant Grunschell was his sister; that she lived at Chicago Heights, Illinois; that the land conveyed embraced about 2,700 or 2,800 acres, and that he was at his sister's home, accompanied by his wife, at the time of the execution of the warranty deed.

The plaintiff then introduced testimony showing that at the time of the conveyance, in 1919, the land covered by the deed to the defendant Grunschell was worth about $25 per acre, and at the time of the trial was worth from $12.50 to $15 per acre. Thereupon the plaintiff rested its case, and the defendants, by their counsel, moved the court to make findings in their favor and against the plaintiff, which motion was by the court sustained and the jury discharged. Whereupon the court made findings to the effect that the plaintiff's evidence in relation to the transfer of the land from the defendant Schafer to the defendant Grunschell was insufficient to rebut the presumption of honesty and legality prevailing in ordinary business transactions; that it wholly failed to prove the existence of fraud, participated in by the defendant Grunschell or known to her at the time of the transfer, and that there was no evidence showing that the defendant Schafer at the time of the transfer of the property to the defendant Grunschell was insolvent, or that the property conveyed by him tended to render him insolvent or to hinder, delay or defraud his creditors, and that the evidence failed to prove that the conveyance was made with any fraudulent intent on the part of either of the defendants. In accordance with these findings a judgment was entered in favor of the defendants, from which the plaintiff has appealed.

It is alleged in the complaint that defendant Schafer was wholly insolvent and had no property subject to execution out [1] of which his debts could be satisfied. The only proof offered to establish this fact was the sheriff's return on the writ of execution. Whether in a case like that presented in

the plaintiff's complaint such allegations are necessary to state a cause of action need not now be considered, for the reason that, whether necessary or not, the plaintiff's proof established them.

It appears to be the rule, established by a long line of decisions, that the return of an execution unsatisfied is sufficient proof of the exhaustion of the legal remedy; that such a return establishes, *prima facie,* the insolvency of the debtor; that he has no other property out of which the execution could be made, and entitles the execution creditor to invoke the aid of a court of equity to set aside a conveyance made in fraud of his rights. (*Whiteside* v. *Hoskins,* 20 Mont. 361, 51 Pac. 739; *Coffield* v. *Parmenter,* 2 Neb. Unof. 42, 96 N. W. 283; *Quinn* v. *People,* 146 Ill. 275, 34 N. E. 148; *Hopkins* v. *Joyce,* 78 Wis. 443, 47 N. W. 722; *Goddard* v. *Fishel-Schlichten Importing Co.,* 9 Colo. App. 306, 48 Pac. 279; *Page & Co.* v. *Grant,* 9 Or. 116; *Jones* v. *Green,* 1 Wall. (U. S.) 330, 17 L. Ed. 553 [see, also, Rose's U. S. Notes].)

In the case last cited the court, speaking through Mr. Justice Field, said: "The execution shows that the remedy afforded at law has been pursued, and, of course, is the highest evidence of the fact. The return shows whether the remedy has proved effectual or not, and, from the embarrassments which would attend any other ruling, the return is held conclusive."

In *Whiteside* v. *Hoskins, supra,* the holding of the court as stated in the first paragraph of the syllabus was: "In an action to set aside a deed on the ground that it was fraudulent as to plaintiff, an allegation in the complaint that plaintiff had recovered a judgment against the grantor, that execution had been issued thereon and had been returned wholly unsatisfied, and that the return on the execution stated that the sheriff after due diligence was unable to find any property of the defendant upon which to levy, sufficiently shows the insolvency of the grantor."

[73 Mont. 429.]

By the undisputed testimony the real estate conveyed by
[2] Schafer to his codefendant, Grunschell, embraced at least
2,700 acres, and had a value of $25 per acre at the time of
the transfer, making a total valuation of $67,500. So that,
when defendants moved the court to find the issues in their
favor, the proof showed without contradiction this state of
facts: The defendants were brother and sister; for a considera-
tion of one dollar the defendant Schafer, a resident of Judith
Basin county, had made a conveyance of $67,500 worth of
real estate to his sister, a resident of Illinois, and she in
turn on the following day had given him a power of attorney
by which he was authorized to exercise the same dominion
over the real estate as though it had been his own; the plain-
tiff had an unsatisfied judgment against Schafer upon an
indebtedness incurred prior to the conveyance, under which it
had obtained an execution lien upon the real estate conveyed;
the defendant Schafer was insolvent and had no property out
of which the plaintiff could satisfy this judgment, unless the
pretended conveyance to the defendant Grunschell was set
aside. Did this establish a *prima facie* case of fraud? We
think an affirmative answer is compelled.

The mere fact that the relationship of brother and sister
existed between the defendants is not a badge of fraud, but the
general rule is that transactions between near relatives are sub-
ject to the most rigid scrutiny, and the fact of such relationship
may be considered with other evidence as reflecting the inten-
tion with which a transfer of property is made, which is
claimed to have been in fraud of creditors. (*Security State
Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618.)

Upon the question of inadequacy of the consideration re-
[3] ceived by the defendant Schafer from his sister, the rule
applicable to this case is stated in Moore on Fraudulent Con-
veyances, page 356, as follows: "When the disparity between
the true value of property transferred and the price paid
is so great as to strike the understanding with the conviction
of unfair dealing or fraud, or that the transaction is not *bona*

*fide,* or so great as to shock the conscience of a correct mind, it will be sufficient to avoid the sale." And in 12 R. C. L. 542, section 67, it is said: "Proof of inadequacy of price is not alone sufficient to establish a fraudulent intent on the part of a vendor, participated in by the vendee, which will invalidate the transaction, unless the inadequacy is so manifest as to shock the moral sense and create on its mere mention a suspicion of fraud; but it is evidence of a fraudulent intent on the part of the grantor and of the grantee's good faith in making the purchase." On the same subject in Bump on Fraudulent Conveyances, fourth edition, section 57, we find this language: "To justify an inference of fraud from the inadequacy of the price alone, the consideration must be so clearly below the market value as to strike the understanding at once with the conviction that such a sale never could have been made in good faith." (See, also, *Clark* v. *Philomath College,* 99 Or. 366, 193 Pac. 470, 195 Pac. 822.)

While the effect of the power of attorney from the defend-
[4] ant Grunschell to the defendant Schafer was to give the latter practically the same control over the property conveyed which he possessed prior to the conveyance, this circumstance by itself would be of little importance; yet, taken in connection with the other facts disclosed by the evidence, it did have a tendency to throw some light upon the intention of the parties. No effort of a debtor to hinder or delay his creditors is more severely condemned by law than to attempt to place his property in such a condition that he can enjoy it but require his creditors to await his pleasure for the payment of the claims out of it.

Considering the relationship of the parties, the fact that but one dollar was paid as the consideration for $67,500 worth of property, and the circumstance of the power of attorney from the defendant Grunschell to the defendant Schafer, we think the court erred in holding that plaintiff had not made a *prima facie* case to entitle it to the relief prayed for, and in entering judgment in favor of the defendants.

It must be remembered that the defendants did not offer [5] any testimony at the trial, although they had opportunity to do so. If the consideration recited in the deed was not the true consideration which passed between the parties for the conveyance, that fact could have been shown. But the defendants contented themselves with a motion for judgment in their favor at the close of plaintiff's case, and must abide the consequences. As stated by this court in *Feeley* v. *Feeley*, 72 Mont. 84, 231 Pac. 908: "When a defendant, at the conclusion of plaintiff's evidence, moves for judgment when he has evidence to combat that given by the plaintiff, he puts himself in the place of one who gambles with fate; for, if the ruling be erroneously in his favor, he may effectually shut the door of opportunity in his face."

For the reasons indicated, the judgment is reversed and the cause remanded to the district court, with directions to enter judgment in favor of the plaintiff.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.