ROWLEY, APPELLANT, *v.* MULLEN, SHERIFF, ET AL., RESPONDENTS.

· (No. 5,733.)

(Submitted September 18, 1925. Decided October 8, 1925.)

[240 Pac. 374.]

*Fraudulent Conveyances—Creditor's Suit—Absence of Consideration—Admission by Defendant—What Plaintiff not Required to Show—Execution Unsatisfied—Sheriff's Return— Proves What.*

Fraudulent Conveyance from Father to Son—Plaintiff not Required to Show That Third Person Did not Pay Consideration for Grantee.
1.　In an action by a judgment creditor to set aside as fraudulent a conveyance from father to son, where the grantee admitted that he had not parted with any consideration for the transfer, plaintiff was not required to show that no other person had paid an adequate consideration for the grantee.

[74 Mont. 283.]

Same—Creditor's Suit—Execution—Sheriff's Return Sufficient to Show
That Property Retained by Grantor Insufficient to Satisfy Claim.
2. Where the only property retained by an alleged fraudulent
grantor who was insolvent, to satisfy a claim of $800, was sold
at execution for $350, the sheriff's return, though not conclusive,
was some evidence that at the time of the conveyance the re-
maining portion was insufficient to discharge the claim, and in
the absence of proof of a change in its value between the date
of the transfer and the date of the sheriff's sale, the return
sufficed to show that the property retained was insufficient to sat-
isfy the claim.

Fraudulent Conveyances, 27 C. J., sec. 725, p. 799, n. 40 New; sec.
776, p. 829, n. 14.

*Appeal from District Court, Powell County; George B.
Winston, Judge.*

ACTION by David S. Rowley, by Lauretta Rowley, his guard-
ian *ad litem,* against Thomas Mullen, Sheriff of Powell County,
and the Birdseye Mercantile Company. From a judgment for
defendants, plaintiff appeals. Affirmed.

*Mr. S. P. Wilson,* for Appellant, submitted a brief and ar-
gued the cause orally.

The legality of the transaction which resulted in the giving
of the deed to appellant is sustained by the presumptions
set forth in section 10606, subdivisions 1, 19 and 39, and
section 7512, Revised Codes. These presumptions have the
force and effect of evidence, and the findings of the court
must be in conformity therewith unless they be contro-
verted by evidence or counter-presumption. (Rev. Codes, sec.
1064; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224.)

There was no pretense of proof upon the question of con-
sideration, and no admission further than that appellant, a
minor incapable of transacting business on his own account, did
not pay any consideration for the conveyance. It can scarcely
be claimed that in order to constitute a consideration for the
conveyance, the same must have come from appellant. Under
section 7503, if the grantor of the deed received any benefit
from a person other than the grantee, it would constitute a

good consideration for the deed. By statute the deed is presumed to be supported by a consideration. (*Saint* v. *Beal*, 66 Mont. 292, 213 Pac. 248; *Schauer* v. *Morgan*, 67 Mont. 455, 216 Pac. 347; *Lee* v. *Laugherty*, 55 Mont. 238, 175 Pac. 873.)

The grantor had the right to make the conveyance in question, notwithstanding he had creditors. (Rev. Codes, sec. 8600.) The only qualification of this rule is that the transaction be free from fraud, and that the creditor has not acquired a lien on the property. The judgment in this case was subsequent to the deed, so that no lien had attached. The claim of fraud is not established by a suspicion, but must be established by proof. (*Security State Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618.) The conveyance to appellant was in June, 1922, and a year later the house and lot at Avon was sold under execution, realizing the net sum of $328.50. This is the only suggestion made concerning the value or condition of the Avon tract. If the proceeds of the property when sold upon execution is any proof of its value, it is of the most unsatisfactory character of proof and could be regarded as no more than a scintilla of proof. (*Edward* v. *Mayes* (Tex Civ. App.), 136 S. W. 510; *In re McAusland*, 235 Fed. 173.) Respondent deliberately chose to stand upon a suspicion of fraud arising from the fact that his judgment remains unsatisfied, and, as pointed out, this suspicion is not sufficient to sustain the burden cast by law upon the respondent. The presumption is that had proof been offered throwing light upon these matters, such proof would have been unfavorable to respondents. (Subd. 6, sec. 10606, Rev. Codes.)

*Messrs. Walsh & Nagle*, for Respondent, submitted a brief; Mr. *Raymond T. Nagle* argued the cause orally.

Inadequacy or lack of consideration is evidence of fraud. (27 C. J. 484; 12 R. C. L. 108; *Security State Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618.) In this case there is

not mere inadequacy of consideration, but a total lack of consideration. Appellant admits that he paid no consideration. The burden of appellant's brief, however, is to the effect that, despite the admission, there is a presumption that some third person paid adequate consideration for the conveyance. Section 7512, Revised Codes of 1921, is cited as sustaining that contention. No case is cited, however, wherein that section has been so construed, nor do we believe one can be found. On the contrary, in cases where an analogous question has been presented, our court has held otherwise. (*Spaulding* v. *Lambros et al.,* 58 Mont. 536, 193 Pac. 565.) The recital in the deed that the consideration was one dollar was *prima facie* evidence of what the consideration was and that appellant, "the party of the second part," paid it. (*Soye* v. *McCallister,* 18 Tex. 80, 97, 67 Am. Dec. 689; *Gaugh* v. *Henderson,* 39 Tenn. 628; see, also, *Leggat* v. *Leggat,* 13 Mont. 190, 33 Pac. 5; *Capell* v. *Fagan,* 30 Mont. 507, 2 Ann. Cas. 37, 77 Pac. 55.)

Transfer in anticipation of suit is a badge of fraud. (27 C. J. 488.) "The anticipation or pendency of suit is a badge of fraud, because the transfer tends to deprive a creditor of the means of enforcing his judgment when he obtains it." (Bump on Fraudulent Conveyances, sec. 50; *Glenn* v. *Glenn,* 17 Iowa, 498.)

Failure to record or delay in recording a deed is badge of fraud. (27 C. J. 490.) "The nonfiling of a deed is a circumstance to be considered on the question of fraud." (Wait on Fraudulent Conveyances, p. 421, sec. 235.)

Appellant contends that the amount for which the property was sold was not satisfactory evidence of its value. The only way a creditor can realize money from a debtor's property is to seize it and sell it at an execution sale. And in determining whether or not a debtor has conveyed away land, leaving insufficient property with which to satisfy his debts, the amount which could be realized from the retained property,

upon seizure and sale under legal process, is the criterion of value. "Only clear solvency in the sense of adequacy of assets, if sold under execution, to satisfy debts, will uphold a voluntary conveyance as against pre-existing debts." (27 C. J. 500; *Vandeventer* v. *Goss*, 116 Mo. App. 316, 91 S. W. 958.) Lack of consideration and insolvency are sufficient to prove fraudulent intent. (27 C. J. 500; 12 R. C. L. 593; *Kehr* v. *Smith*, 20 Wall. (U. S.) 31, 22 L. Ed. 313 [see, also, Rose's U. S. Notes]; *Parish* v. *Murphree*, 13 How. (U. S.) 92, 14 L. Ed. 65 [see, also, Rose's U. S. Notes]; *Nixon* v. *Goodwin*, 3 Cal. App. 358, 85 Pac. 169; *Hemenway* v. *Thaxter*, 150 Cal. 737, 90 Pac. 116; *Phillips* v. *Rhodes*, 21 Colo. 217, 40 Pac. 453.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

David L. Rowley is the father of the plaintiff herein, David S. Rowley, a minor, who prosecutes this action by a guardian *ad litem*. To avoid confusion, these persons will be designated father and son, respectively. There is not any conflict in the evidence. The record discloses the following facts:

(1) On August 2, 1920, a patent was issued by the United States which conveyed to the father certain lands in section 36, township 10 north, range 9 west, in Powell county.

(2) On May 11, 1921, the father executed and delivered to the Birdseye Mercantile Company his promissory note for $558.33, due six months after date, with interest at ten per cent per annum, and with a provision for an attorney's fee if action should be commenced to enforce payment.

(3) On June 6, 1922, the father executed and delivered to the son a deed purporting to convey the lands in section 36 for a consideration of $1 and love and affection; but the deed was not placed of record until November 11, 1922.

(4) On July 24, 1922, an action was instituted by the mercantile company against the father to recover the amount of the note, and such proceedings were had therein that on April 25, 1923, it recovered a judgment for $747.60.

(5) On May 31, 1923, an execution was issued and placed in the hands of the sheriff of Powell county, who levied upon and advertised for sale the lands in section 36, and also a house and lot in Avon.

(6) At the time the deed was executed and delivered by the father to the son, the only property owned by the father, other than the lands in section 36, was the house and lot in Avon, and, at the time the deed was executed, at the time it was recorded, and at the time this action was commenced, the father was insolvent.

When the sheriff gave the notice of sale, the son instituted this action to secure an injunction restraining the sale of the lands in section 36. A temporary injunction was issued and further proceedings under the notice, so far as the lands in section 36 were concerned, were suspended, but the Avon property was sold by the sheriff at public auction to the highest bidder for $350.

The complaint proceeds upon the theory that the son owns the lands in section 36 and that they are not subject to sale in satisfaction of the judgment against the father.

The answer of the sheriff is in effect a denial of the son's claim of ownership and a justification under the execution. In its answer the Birdseye Mercantile Company likewise denied the son's claim of ownership. By a cross-complaint it recited the facts set forth above, or such of them as do not appear in the complaint. It then alleged that the pretended transfer from father to son was made for the purpose and with the intent of cheating and defrauding it out of its claim; that the son did not part with, and the father did not receive, any consideration for the transfer.

[74 Mont. 283.]

The reply admitted that the son did not part with any consideration for the property, but denied that the transfer was made to cheat or defraud the mercantile company, and denied the allegation that the father did not receive any consideration for the transfer.

The trial court made certain findings which are not questioned, and also found that the transfer was without consideration and made with the intent and for the purpose of defrauding the mercantile company out of the money due it from the father. The conclusions of law follow the findings. The temporary injunction was dissolved, and a judgment was rendered and entered dismissing the plaintiff's complaint and canceling the deed of record. From the judgment, plaintiff prosecutes this appeal.

Every question presented by this record has been disposed of adversely to the plaintiff by the decision in *Security State Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618, and by the decision in *Hart-Parr Co.* v. *Schafer*, 73 Mont. 429, 236 Pac. 675; and but for the earnest insistence of the able counsel for plaintiff, the judgment would be affirmed upon the authority of those cases alone.

It is insisted that the trial court erred in going beyond [1] the admission in the pleading, and finding that there was not any consideration passing to the father for the transfer of the property. It is suggested that some third person may have paid to the father an adequate consideration, and that the evidence does not negative this possibility. In support of the contention, reference is made to sections 7503 and 10606, Revised Codes. The first section provides: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." The latter sec-

74 Mont.—19

tion, so far as its provisions are invoked, declares that it is to be presumed that private transactions have been fair and regular, and that there was a good and sufficient consideration for a written contract.

It will be conceded at once that, if this record disclosed that some third person had parted with a sufficient consideration for the transfer from the father to the son, the trial court's finding could not be sustained. The question then arises: In the presence of the admission that the son did not part with any consideration, was it incumbent upon the cross-complainant to proceed and show that there was not any other person who parted with a sufficient consideration to sustain the transfer? To state the question is to answer it. If the contention now made be granted, then the cross-complainant was required either to call as its own witness the father whom it was charging with fraud, and be bound by his answers, or call every other person in the world to show by each successively that he did not furnish the consideration. Either alternative would be a serious reproach to the law.

When the son admitted that he did not part with any consideration for the transfer, it became a voluntary transfer so far as he is concerned. The statutes above do not furnish a presumption that some third person paid the consideration for him. (*Spaulding* v. *Lambros,* 58 Mont. 536, 193 Pac. 565.)

It is also urged that the record fails to show that by the **[2]** transfer of the lands in section 36, the father did not retain property sufficient in value, easily accessible and subject to seizure, to satisfy the claim of the mercantile company. The record does disclose that the only property retained by the father was the house and lot in Avon, which sold at public auction for $350. While the return of the sheriff is not conclusive that the property was insufficient in value at the time the transfer was made to satisfy a claim of nearly $800, it is some evidence of that fact, and in connec-

tion with the court's finding No. 6, that the father was insolvent at that time, and in the absence of any countervailing evidence as to a change in the value between the date of the transfer and the date of the sale, is sufficient. It is noteworthy that the plaintiff does not complain of the court's finding No. 6.

Though not directly applicable here, the following authorities in principle sustain the views expressed: *Osmers* v. *Furey*, 32 Mont. 581, 81 Pac. 345; *Columbus State Bank* v. *Erb*, 50 Mont. 442, 147 Pac. 617.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.