DICK, RECEIVER, APPELLANT, *v.* KING ET AL., RESPONDENTS.

(No. 6,116.)

(Submitted June 9, 1927. Decided July 7, 1927.)

[257 Pac. 1022.]

*Fraudulent Conveyances—Lack or Inadequacy of Considera-*
*tion—Close Relationship Between Grantor and Grantee—*
*Evidence—Judgment-roll in Creditor's Original Action—*
*Declarations of Grantor After Conveyances.*

Fraudulent Conveyances—Setting Aside—Judgment-roll in Creditor's
   Original Action Admissible for What Purposes—Exclusion from
   Evidence Where Allegations Admitted Held Proper.
   1. In an action by a judgment creditor against his debtor to set
   aside an alleged fraudulent conveyance the judgment-roll in the
   former's original action is admissible for the purpose of showing
   the relation of creditor and debtor, at the time of the judgment
   between the plaintiff and the grantor; but where defendant admits
   in his answer the allegations of the complaint relating to the
   judgment exclusion of the judgment-roll was proper.

Same—Action Against Devisees of Grantor—Judgment-roll in Creditor's
   Original Action on Promissory Notes not Best Evidence of Date
   of Notes.
   2. While the judgment in a creditor's suit against the grantor of
   real property is, as against him, conclusive evidence of the exist-
   ence and validity of his debt and prima facie evidence thereof
   against the grantee, in an action against the devisees of the
   grantee to set aside the conveyance as fraudulent, made several
   years prior to the judgment against the debtor, the judgment-roll
   is not the best evidence of the date on which the notes in suit
   were given, the notes themselves being the best evidence, supple-
   mented by plaintiff's testimony, if necessary.

Same—Declarations of Grantor After Conveyance Inadmissible, When.
   3. Declarations of a grantor of property made subsequent to his
   parting with title are not admissible in an action to set aside the
   conveyance as fraudulent unless the conveyance is shown to have
   been made with the purpose of defrauding the vendor's creditors,
   and the vendee participated in or was connected with the fraud.

Same.
   4. Under the above rule (par. 3) *held,* that where the only facts
   established by plaintiff in an action to set aside an alleged fraud-
   ulent conveyance, prior to an attempt to introduce declarations of
   the grantor inimical to the interests of the devisees of his
   grantee, were that the conveyance was made several years before
   plaintiff secured judgment against the grantor, that after judgment
   the grantor was insolvent and that plaintiff had acquired a lien
   against any interest which the grantor might then have had in
   the property, the offered proof was properly rejected.

3. See 1 R. C. L. 527.

Same—Lack or Inadequacy of Consideration—When Badge of Fraud.
    5. Whether lack or gross inadequacy of consideration for the transfer of realty constitutes a badge of fraud, casting upon the grantee the burden of showing adequacy of consideration in an action to set the transaction aside as fraudulent, or, in the absence of such showing, warranting a decree in favor of plaintiff, depends particularly upon an affirmative showing by plaintiff that the debt owing from the grantor to the creditor attacking the conveyance was in existence prior to the transfer and that the grantor was insolvent at the time he made it or did not reserve sufficient property out of which to satisfy the debt.

Same—Close Relationship Between Grantor and Grantee not Alone Badge of Fraud—Insufficiency of Evidence—Dismissal of Action Proper.
    6. While near relationship between the parties to a conveyance will subject the transaction to a close scrutiny, it is not of itself a badge of fraud; hence where a husband transferred realty to his wife for the consideration of one dollar and the evidence showed merely that the grantor was indebted to plaintiff four years after the transfer and the value of the property was sought to be established by the testimony of the assessor which was vague and indefinite but did show inferentially that the grantor had property at the time of the transfer other than that granted, the defendant was not required to assume the burden of showing good faith or adequacy of consideration, and dismissal of the action was proper.

---

    [1] Fraudulent Conveyances, 27 C. J., sec. 745, p. 811, n. 57; sec. 772, p. 824, n. 67. Trial, 38 Cyc., p. 1328, n. 64.
    [2] Evidence, 22 C. J., sec. 413, p. 357, n. 98. Fraudulent Conveyances, 27 C. J., sec. 773, p. 824, n. 75, 76, 78.
    [3] Evidence, 22 C. J., sec. 413, p. 358, n. 3 New.
    [4] Evidence, 22 C. J., sec. 413, p. 358, n. 3 New.
    [5] Evidence, 22 C. J., sec. 135, p. 484, n. 40; sec. 715, p. 788, n. 17; sec. 725, p. 798, n. 33.
    [6] Fraudulent Conveyances, 27 C. J., sec. 153, p. 495, n. 58; sec. 716, p. 790, n. 35; sec. 775, p. 827, n. 99, 6.

*Appeal from District Court, Missoula County, in the Fourth Judicial District; C. W. Pomeroy, Judge of the Eleventh District, presiding.*

ACTION by George K. Dick, as receiver of the American Bank & Trust Company of Missoula, against R. F. King and another, as executors of the estate of Harriet King, deceased, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

---

    5. Inadequacy of consideration as badge of fraud, see notes in 9 L. R. A. 414, 645; 5 L. R. A. (n. s.) 395. See, also, 12 R. C. L. 478.
    6. Relationship as badge of fraud, see note in 32 L. R. A. 67. See, also, 12 R. C. L. 488.

Cause submitted on briefs of Counsel.

*Mr. Thos. N. Marlowe,* for Appellant.

*Mr. Dan J. Heyfron,* for Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment dismissing an action to set aside a conveyance of real estate, made by R. F. King to Harriet King, his wife, since deceased, as fraudulent.

It is alleged in the complaint herein, and admitted by the answer filed, that the American Bank & Trust Company was engaged in the banking business in Missoula up to January 25, 1924, when it closed its doors, and since that time the plaintiff, Dick, has been the duly appointed, qualified and acting receiver of the institution, and that in April, 1924, Dick, as such receiver, instituted and prosecuted to judgment an action against R. F. King for a sum in excess of $9,000, which judgment was affirmed by the supreme court (73 Mont. 456, 236 Pac. 1093), and that on this judgment an execution was issued and placed in the hands of the sheriff at Missoula county, whose return thereto recites that he was unable to find any real or personal property out of which the judgment could be satisfied, and therefore returns it wholly unsatisfied; that on September 16, 1921, R. F. King conveyed certain real estate in Missoula county to his wife, Harriet King, by deed duly recorded in that county; and that Harriet King died in 1923, leaving the property by will to her sons and daughters, who, with R. F. King personally and as executor of the will, are made defendants herein.

It is further alleged in the complaint that, at the time the action against King was instituted, plaintiff attached all of the right, title and interest which King had in the premises standing of record in the name of Harriet King, and, after judg-

ment, caused a levy thereon to be made under execution, by virtue of which the sheriff advertised such interest for sale. These allegations are denied for lack of knowledge or information on which to base a belief.

It is then alleged in the complaint, and denied by the answer, that the conveyance was made before the entry of judgment against King, but after the indebtedness sued upon was incurred, and was made for the purpose of defrauding the bank and plaintiff and to prevent the collection of the indebtedness, and that the grantee, Harriet King, had knowledge of the indebtedness prior to the conveyance, which was voluntary and without consideration, and accepted by her with full knowledge of the fraudulent intent of her husband, and with like intent on her part; that the devisees under the will of Harriet King claim some interest in the property, but that their interest therein is inferior to, and subsequent to, the claim of plaintiff under the lien acquired by levy upon the interest of R. F. King. The answer contains affirmative defenses not material to our consideration.

Being an action in equity, the cause was tried to the court without a jury. The only evidence offered by plaintiff and admitted by the court consisted of the deed in question, which was in the ordinary form, and recited a consideration of $1; the writ of attachment and execution mentioned, with the sheriff's returns thereon; a statement by the receiver that the judgment was wholly unpaid; and testimony by the county assessor concerning the property and the value thereof.

The plaintiff offered in evidence the judgment-roll in the case against King, but it was excluded on objection by the defendants. He offered to prove by witnesses on the stand that, subsequent to the transfer, and without the hearing of the grantee, King stated that the bank need not worry over the transfer; that it amounted to nothing and that the property had been reconveyed to him, and he had the deed in his

possession.  On objections interposed the court excluded the testimony.

The defendants introduced no evidence, but, at the close of plaintiff's case, moved for a dismissal on the ground of failure of proof.  The court, declaring that there was no evidence in the record that King "owed a dollar at the time the deed was given," granted the motion, and entered judgment dismissing the action and awarding defendants their costs. The plaintiff thereupon appealed from the judgment.

Plaintiff makes six assignments of error, of which 1 and 2 predicate error upon the exclusion of the judgment-roll; 3, 4 and 5 upon the exclusion of the R. F. King statements; and 6 upon the rendition of judgment in favor of defendants.

[1] 1. The judgment-roll is admissible in an action such as this for the purpose of showing the relation of debtor and creditor existing between the plaintiff and the grantor in the deed which it is sought to set aside, at the time of the judgment, and, by proof that the plaintiff is the owner of the judgment, and that it has not been paid, he may establish that relationship at the time of the trial (*Hart-Parr Co.* v. *Schafer,* 73 Mont. 429, 236 Pac. 675); but the allegations of the complaint concerning the judgment were all admitted by by the answer, and, for the purposes mentioned in the *Hart-Parr Case,* the judgment-roll was immaterial, would but cumber the record, and the court was justified in excluding it.

The plaintiff, however, conceding that it was necessary to prove that the indebtedness, on which the judgment was founded, existed prior to the transfer, insists that, as the complaint in the original suit showed that the action was upon promissory notes dated prior to the conveyance, the judgment-roll was admissible for the purpose of supplying this proof.

[2] The judgment in a creditor's suit against the grantor is, as against him, conclusive evidence of the existence and validity of the debt, and prima facie evidence thereof as against the grantee, "but this is the greatest effect that can be given

to the judgment. Furthermore, where the judgment debtor conveyed the property prior to the judgment, it has been held that plaintiff must show that the debt for which the judgment was rendered existed at the time of the conveyance; that the judgment does not, as against strangers to it, prove the antecedent existence of the debt for which it was rendered." (27 C. J. 824, and cases cited.) The purpose of requiring independent proof is to show that the transfer was made at such a time as to entitle the owner of the claim on which the judgment was based to object to the fraudulent purpose of the transfer. (*Irish* v. *Daniels,* 100 Minn. 189, 110 N. W. 968.)

As between the plaintiff and the grantee and her devisees, who were strangers to the creditor's suit, and who would be affected by a judgment setting the deed aside, the recitations in the complaint contained in the judgment-roll are not the best evidence of the date on which the notes in suit were given; the notes themselves would be the best evidence, supplemented by testimony of officers of the bank, if necessary. This is the "independent evidence" required in such cases. (*Yeend* v. *Weeks,* 104 Ala. 331, 53 Am. St. Rep. 50, 16 South. 165; *Martin* v. *Duncan,* 181 Ill. 120, 54 N. E. 908.)

No error was committed in excluding the judgment-roll.

2. As to the exclusion of the testimony regarding state-
[3] ments made by King at a time subsequent to the conveyance to his wife, the general rule is that declarations of a former owner of property made subsequent to his parting with his interest in the property are inadmissible, but this rule is subject to an exception in the case of conveyances shown to have been made with the purpose of defrauding the vendor's creditors. (*Gallagher* v. *Williamson,* 23 Cal. 331, 83 Am. Dec. 114.) "Where such is shown to have been the purpose of the transfer, subsequent declarations are admissible equally with statements made before the conveyance; but, as a condition to the admission of such declarations to defeat the pur-

chaser's title or interest, it must be shown, according to the better view, that he participated in it or was connected with the fraud. The fraudulent common purpose must first be established outside of and independent of the declarations, before the latter are admissible as evidence." (1 R. C. L. 527, and cases cited.)

Here the only facts established by proof prior to the attempt [4] to introduce the alleged declarations of King were that the conveyance was made in 1921, and in 1924 plaintiff secured judgment against King, and, at the latter date, or subsequent to the judgment, King was insolvent, and that plaintiff had acquired a lien against any interest which King might then have in the property, and was entitled to invoke the aid of equity to reach his debtor's assets, under the rule laid down in *Koopman* v. *Mansolf,* 51 Mont. 48, 149 Pac. 491, *Northern Montana State Bank* v. *Collins,* 67 Mont. 575, 216 Pac. 330, and *Bowen* v. *First State Bank,* 69 Mont. 223, 221 Pac. 527.

The plaintiff sought to establish the "fraudulent common purpose" solely by the declarations of the grantor made subsequent to the transfer. As the necessary condition precedent to the admissibility of such testimony was not met, the court did not err in excluding the testimony concerning such admissions.

3. Was the evidence adduced sufficient to support a judgment in favor of the plaintiff?

"Where facts commonly denominated 'badges of fraud' appear which are sufficient to raise a presumption that the [5] conveyance is in fraud of the grantor's creditors, the burden of showing good faith is shifted to the parties to the conveyance." (27 C. J. 788.) In other words, such a showing makes out a prima facie case entitling plaintiff to judgment in the absence of testimony rebutting the presumption. (*Springhorn* v. *Springer,* 75 Mont. 294, 243 Pac. 803.)

Lack of, or gross inadequacy of, consideration recited in the instrument conveying title may constitute a badge of fraud,   .

and cast upon the grantee the burden of showing adequacy of consideration, or, in the absence of such a showing, may entitle plaintiff to a decree (*Koopman* v. *Mansolf,* above; *Hart-Parr Co.* v. *Schafer,* above) ; but whether the rule applies depends largely upon surrounding circumstances and its applicability is particularly dependent upon a showing that the debt owing from the grantor to the creditor attacking the conveyance was in existence prior to the transfer (*United Norwegian Church* v. *Csaszar,* 141 Minn. 459, 170 N. W. 694), and that the grantor was insolvent at the time he made the conveyance, or did not then reserve sufficient property to satisfy his then existing indebtedness (*Rowley* v. *Mullen,* 74 Mont. 283, 240 Pac. 374); that is, in order to reach the property conveyed, the plaintiff must show affirmatively that he was in a position to be injured by the transfer at the time it was made, and could have objected to the conveyance as affecting his rights had he known of it and of the fraudulent intention of the grantor at the time the transfer was made. (*Irish* v. *Daniels,* above; *Keller* v. *Flanagan,* 66 Mont. 144, 213 Pac. 222.)

While near relationship will subject a conveyance to close . **[6]** scrutiny (*Security State Bank* v. *McIntyre,* 71 Mont. 186, 228 Pac. 618), it is not a badge of fraud (*Hale* v. *Belgrade Co.,* 75 Mont. 99, 242 Pac. 425). There is nothing in the law to prevent a man from making a voluntary conveyance or gift of his property to his wife at a time when solvent or, being indebted, when he reserves sufficient property clear of encumbrance and exemptions to satisfy his then existing indebtedness (*Rowley* v. *Mullen,* above), and it does not appear that he made the transfer for the purpose of defrauding those with whom he thereafter intended to deal, as where one secretly transfers property and secures credit on his apparent ownership.

Here the record merely discloses that plaintiff secured a judgment, and the grantor was indebted to plaintiff's in-

solvent estate four years subsequent to the transfer, which was made for the consideration of $1. There is nothing in the record that there was not an immediate change of possession or that the grantor thereafter exercised the slightest dominion or control over the premises; thus differentiating the case from the *Hart-Parr Co. Case* above. The plaintiff attempted to show by the testimony of the county assessor that the grantor was insolvent at the time, or did not retain sufficient property to meet his obligation, but the assessor's testimony was vague and indefinite. He could not place valuations on the different subdivisions; as he stated, they were "bunched" with other property assessed to the grantor, showing the grantor did have other property at the time; and, in the absence of a showing that he was then indebted, the condition of his property or his finances was then immaterial.

On the showing made by competent testimony the plaintiff failed to make out a prima facie case entitling him to a decree or requiring the defendants who would be affected by such a decree to assume the burden of showing either good faith or adequacy of consideration, and the court was therefore justified in rendering judgment dismissing the action on the merits. The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.