[Filed November 8, 1886.]

## ALICE A. FAIN *v.* ESTELLA M. SMITH et al.

Deed—Delivery of.—Delivery is essential to the validity of a deed, whether it be for a valuable consideration or a mere voluntary conveyance, in consideration of love and affection.

Same — Delivery — Definition of.—Delivery is that part of the operation in executing a deed by which the grantor signifies his intention when and how it is to take effect. No precise formula is required. It is not necessary there should be an actual handing over of the instrument. It may be by doing something and saying nothing, or by saying something and doing nothing, or by both.

Same—Intention to Deliver.—It is not essential that it should be delivered to the party intended to be benefited. It may be valid, though it remains in the possession of the grantor. The intention to pass the title and to make the deed presently binding on the grantor, is the controlling element, when there are circumstances which go to make out a delivery.

Same — What Constitutes. — After a writing has been signed, sealed, and acknowledged, any acts, or words, or circumstances decisive of the intention of the grantor to consummate and part with it are sufficient to constitute a delivery and give it validity as a deed.

Multnomah County. Defendants appeal. Affirmed.

*W. Lair Hill*, for Appellants.

*W. H. Adams*, for Respondent.

Opinion of the Court by Lord, C. J.—This is an action in ejectment, for dower of two lots of land in Portland. The complaint alleges that W. B. Fain died on the——day of——, seized of estate of an inheritance in the land in controversy; that the plaintiff, who is respondent herein, is his widow, and as such is entitled to the enjoyment of a life estate of one-third of said lands, as her dower thereof. The answer denies that Fain was seized of an estate of inheritance in the disputed premises, and claims that the two defendants are the owners

thereof. Wm. B. Fain is the admitted source of the title. From the admissions in the pleadings and the facts stipulated and found, the case presented is briefly thus : The plaintiff is the widow of William B. Fain, and the defendants are his children by a former wife, and the land in controversy was owned by him during the life-time of the mother of the defendants, and at the time of her death. When the defendants were children of tender years, their mother being dead, and Fain at that time being the owner of considerable property besides that which is now in dispute, he signed, sealed, and acknowledged, in due form of law, a deed purporting to convey the property in controversy to his two children, the defendants. This deed was never delivered to any person for the children, but remained in the possession of the grantor to the time of his death, a period of —— years. During that time he managed the property, and received its rents and profits. The court found as a fact—the trial being without a jury—that when Fain made the deed, it was not his intention to deliver it; and adjudged that he was at the time of his death seized of an estate of inheritance of the property in controversy, and that the plaintiff was entitled to dower thereof.

Upon this state of facts a single question is presented by this appeal. Was Wm. B. Fain the owner of the land at the time of his death ? If he was, it is admitted that the judgment must be sustained ; otherwise, it is error, and must be reversed. The general rule that a conveyance of land is not completely executed so as to vest title without delivery is not controverted ; but it is insisted that the rule is not universal, and that the case under consideration constitutes an exception to which it is not applicable, either upon reason or authority. The distinction claimed is this : That in deeds where both parties are *sui juris*, there are two parties to be consulted, he who conveys the title and he to whom it is conveyed; and that when, as in the great majority, or nearly all, of such cases, the grantee gives, or obligates himself to give, something in exchange for the land conveyed, or there is a consideration of disadvantage to the grantee, such as the payment of the money, the assump-

tion of some obligation, the carrying of some burden, which moves the grantor to execute the deed ; then, the transaction being simply a contract or bargain between the vendor and vendee, it is necessary there be an acceptance of the deed by the latter, which there could not be without delivery or something tantamount to delivery by the former. Hence the general rule that delivery of the deed is necessary to pass title.

But, it is contended, when the grantee is an infant of tender years, incapable of consenting to the transaction, and the conveyance is wholly voluntary, imposing no burden on the grantee or his estate, delivery of the deed is not necessary; that such a transaction is wholly unilateral, and the grantee, who is only a passive party, is not required to do or consent to anything in order to give efficacy to the deed ; and consequently if it appear, in such case, that it was the intention of the grantor to vest the title by the deed, it is operative without delivery. It is therefore claimed, when the facts disclose, as here, that the deed was made as a voluntary settlement of property on ,infants of tender years, and of whom the grantor is the father and natural guardian, the fact of signing, sealing and acknowledging the deed is strong evidence, or at least sufficient, *prima facie*, to prove the intention of the grantor to vest the title, in the absence of any facts or circumstances to qualify or rebut it. There are some cases cited, to which we have not had access, in some of the authorities to which we shall presently refer, that appear to maintain this result. But the principle, as deduced by the text writers and sustained by the current of decisions, is undeniably to the effect that delivery is essential to the validity of a deed, whether it be a conveyance for a valuable consideration, or a mere voluntary conveyance in consideration of love and affection. The delivery is defined to be that part of the operation in executing the deed by which the grantor signifies his intention when and how it is to take effect. (Williams on Real Property, 147 *et seq.*) It is required by the law, in order to demonstrate beyond doubt that the party making the deed meant it to be. his act. No precise formula is required. It is not necessary there should be an actual handing

over of the instrument to constitute a delivery. A deed may be delivered by doing something and saying nothing, or by saying something and doing nothing, or it may be by both. (Shep. Touch. 57.) "But by one or both of these," Spencer, J., said, " it must be made." (*Jackson* v. *Phipps*, 12 Johns. 421 ; *Byers* v. *McClanahan*, 6 Gill. & J. 256; *Steward* v. *Reditt*, 3 Md. 79.)

" It is elementary law," said Virgin, J. "that the delivery of the deed is as indispensable as the seal or signature of the grantor. Without this act on the part of the grantor, by which he makes known first his determination to consummate the conveyance, all the preceding formalities are impotent to impart validity to it as a solemn instrument of title. No formulary of words or acts is prescribed as essential to render an instrument the deed of a person sealing it. It may be done by acts or words, or by both, by the grantor himself, or by another, by the grantor's authority precedent or assent subsequent, with the intent thereby to give it effect as his deed, etc." (*Brown* v. *Brown*, 66 Me. 316.)

Nor is it essential to the complete execution of the deed, that it should be delivered to the party intended to be benefited by it. It may be valid, although it remains in the possession of the grantor. In quite a number of cases it has been held that there may be a delivery of a deed effectual to pass the title, without an actual surrender of the possession of the deed. But none of these, when examined in the light of the facts, proceed on the ground that delivery is unnecessary. In all there is something tantamount or equivalent, from which it satisfactorily appears that there was an intention to pass the title, or what is the same, to make the deed a present operative conveyance.

In *Doe* v. *Knight*, 6 Barn. & C. § 671, the grantor, at the time of the execution of the deed, said in the presence of the subscribing witnesses : " I deliver this as my act and deed." The grantee was not present, and he kept possession of the deed. Afterwards he handed the deed to his sister, saying : " Here, Bess, keep this, it belongs to Mr. Gamons," who was the

grantee. The jury found that the grantor parted with the possession and all power and control over the deed, and that the sister held it for Mr. Gamons, free from the disposition and control of the brother. The court held this a good delivery for the grantee.

After reviewing several authorities, Bagley, J., said: " Upon these authorities, it seems to me that when an instrument is formally sealed and delivered, and there is nothing to qualify the delivery but the keeping of the deed in the hands of the executing party; nothing to show that he did not intend it to operate immediately; that it is a valid and effectual deed; and that delivery to the party who is intended to take it, or to any person for his use, is not essential." Strong as this language may be regarded—obiter, as it is declared by Dixon, J., in *Prutsman* v. *Baker*, 30 Wis. 644—yet eliminate the fact of a subsequent actual delivery to the sister for the use of the grantee, upon which the verdict of the jury was founded, and there is still left the decisive manifestation of the intention of the grantor to be presently bound by the express words: " I deliver this as my act and deed." Certainly, there is nothing in this oft quoted case (which is considered as carrying the law as far as any of the cases), that can serve the purpose of the plaintiffs.

In *Xenos* v. *Wickham*, 106 E. C. R. 381, 435, and ultimately decided in the House of Lords, 108 Id. 861, Blackburn, J., said: " As soon as there are acts or words sufficient to show that it was intended by the party to be executed as his deed, presently binding on him, it is sufficient. The most apt and expressive mode of indicating such an intention is to hand it over, saying, ' I deliver this as my deed '; but any other words or acts that sufficiently show that it was intended to be finally executed will do as well. And it is clear, on the authorities as well as the reason of the thing, that the deed is binding on the obligor before it comes into the custody of the obligee, nay, before he even knows of it, though, of course, if he has not previously assented to the making of the deed, the obligee may refuse it."

This does not seem to be any more than declaring, that in determining what will constitute a sufficient delivery, the intention is the controlling element, when there are any circumstances which go to make out a delivery. It is the presence of such facts, not the absence of them, that is indicative of the intention of the party to be presently bound, to part with the deed, and, of course, to pass the title. All this shows that it is necessary there be something evincing the intent of the party to make the deed presently binding on him, and what is that something but the facts and circumstances which go to make out a delivery, from which such intent is inferred ?

In *Sowerbye* v. *Arden*, 1 Johns Ch. 256, Chancellor Kent says : " A voluntary settlement, fairly made, is always binding in equity upon the grantor, unless there be a clear and decisive proof that he never parted, nor intended to part, with the possession of the deed; and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances, besides the mere fact of his retaining it, to show it was not intended to be absolute."

This is the case mainly relied upon to support the plaintiff's case. But in respect to the facts and circumstances of that case, it was equally as pointed as the case of *Doe* v. *Knight*, *supra*, and the opinion of the chancellor must be interpreted in the light of the facts before him. Do that, and it cannot be maintained that the chancellor intended to be understood as saying that delivery was unnecessary, or more than that the facts in evidence proved and satisfied him there was a valid delivery in law. Indeed, so far as my examination has extended, the ground in equity upon which many of the deeds in the nature of family settlements have been upheld is, that there was a constructive delivery, and not that delivery was unnecessary or could be dispensed with.

In *Farrar* v. *Bridges*, 5 Hump. 411, a bill was filed in chancery to compel Bridges to deliver up a deed of conveyance signed, sealed and *delivered*, which he had retained in his custody. Reese, J., in delivering the opinion of the court, said : " If no condition is annexed, if nothing remains to be

performed in order to give effect to the instrument, its sign-ing, sealing and attestation as a valid instrument between the parties will make it complete and effectual, although the in-strument may be left in the possession of the grantor."

This excerpt, without reference to the facts, or taken in con-nection with other portions of the opinion, is liable to give the impression that a delivery may be dispensed with. But the facts of the case show that a contract for the sale of the land had been consummated by the payment of the purchase money, and that the deed was executed in pursuance thereof, all parties being present, and the subscribing witnesses testify-ing that when they left the deed was lying on the table, and that they understood that the contract of sale had previously taken place, and that the deed which they had witnessed was the final consummation of the matter. At this point, Reese, J., said : " The testimony of these witnesses does not establish, indeed, any formal, ceremonious delivery ; *such* delivery is not necessary, and does not very often take place," and then fol-lows the quotation above recited. Now this does not exclude the necessity or essentiality of a delivery, or that a delivery had not been made. The evidence proved a consummated trans-action—and intent to pass title—which in law includes a de-livery, not, " indeed, any formal or ceremonious delivery," for that kind of delivery the court thought was unnecessary and seldom took place. (See also *Payne* v. *Powell*, 5 Bush. 248 ; *Scrugham* v. *Wood*, 15 Wend. 544 ; *Ward* v. *Ward*, 2 Hayw. [N. C.] 226.)

It is true that the law may imply that a party will accept that which is for his benefit, and especially of infants of ten-der years incapable of giving legal assent or of acceptance. But the fact of acceptance, when presumed, assumes there was a delivery. It is not perceived how the application of this doctrine of the law can aid the hypothesis of the defendants. So, too, there are cases in which it has been held that the re-cording of a deed was sufficient evidence of a delivery, not-withstanding the fact that the grantor retained the custody of the deed, on the ground that it was a manifestation of the in-

tention of the party to be presently bound, or to make the deed presently operative. But it is unnecessary to refer to these cases, for the absence of the fact renders them inapplicable.

In *Ireland* v. *Geraghty*, 15 Fed. R. 39, it was held that when a deed in fee simple was made by parents to their child, who was but little more than four months old, conveying to such child certain town lots, which were never delivered to the grantee; and, considering the immature age of the grantee, it was perhaps impossible to have made such a delivery, and unnecessary that it should have been made, yet that the grantor in such deed should do some act manifesting an intention to deliver the deed, and that where such deed was never recorded or published, or in any way, by either of the parents, ever after alluded to in such way as to show that they either of them considered it a consummated transaction, the deed is an inoperative conveyance.

This case presses hard on the contention of the defendants. It shows that though a deed may be duly written and sealed and signed, it is of no effect without delivery; that unless something more is done, the transaction is incomplete to give it legal existence as a deed; that there must be something else, decisive of the intention of the grantor, from which the fact of delivery may be inferred, to make it a consummated transaction, and give it validity as a deed.

In *Wood* v. *Ingraham*, 3 Strob. 105, Chancellor Caldwell said: "The current of decisions has already gone sufficiently far to enable the courts to carry out the intention of the donor, to protect the rights of the donee; but they have never presumed delivery without some evidence that it was the intention of the donor; and no case can be found that would warrant the conclusion that a delivery had been made, merely because the grantor had signed and sealed the instrument without any further act or declaration."

In *Fisher* v. *Hall,* 41 N. Y. 421, Daniels, J., in delivering the opinion of the court, said: "It is not necessary that the grantee, or his agent or servant, should be present at the execution in order to have such delivery of the instrument made

as will give it operative vitality and effect.    But it is neces-
sary that it should be placed within the power of some other
person for the grantee's use, or that the grantor shall unequiv-
ocally indicate it to be his intention that the instrument shall
take effect as a conveyance of the property, in order to have
it produce that result.    The mere subscribing and sealing, ac-
companied with the ordinary attestation of those acts by the
witnesses, which is all there is any reason for supposing was
done in the present instance, followed by the grantor keeping
the deed in his custody, and his continued possession of the
premises, are not sufficient to constitute a legal delivery of a
sealed instrument.    Several old authorities in equity were cited
upon the argument, for the purpose of showing the rule to be
different from this statement of it.    And it must be confessed
that they appeared to maintain that result; but they are evi-
dently so directly opposite to the entire current of modern au-
thority, both in the courts of this and the other states, as well
as the United States, as to require them to be repudiated by
this court.    A rule of law by which a voluntary deed, executed
by the grantor, afterwards retained by him during his life in
his own exclusive possession and control, and never delivered
to any one by him, or declared by the grantor to be intended
as a present operative conveyance, could be permitted to take
effect as a transmission of the title, is so inconsistent with ev-
ery substantial right of property, as to deserve no toleration
whatever from any intelligent court, either of law or equity."

The result of the authorities is, that after a writing has been
signed and sealed and acknowledged, any acts, or words, or
circumstances decisive of the intention of the grantor to con-
summate and to part with it are sufficient to constitute a de-
livery, and give it validity as a deed.    (*Fulton* v. *Fulton*, 48
Barb. 591 ; *McLean* v. *Button*, 19 Barb. 450 ; *Brinckerhoff*
v. *Lawrence*, 2 Sand. Ch. 406: *Zimmerman* v. *Streeper*, 75
Pa. St. 147 ; *Shurtleff* v. *Francis*, 118 Mass. 154 ; *Bryan* v.
*Wash*, 2 Gilman, 557 ; *Gunnell* v. *Cockerill*, 79 Ill. 492; *Ruck-
man* v. *Ruckman*, 32 N. J. Eq. 259 ; *Cook* v. *Brown*, 34 N.
H. 460 ; *Younge* v. *Guilbean*, 3 Wall. 636 ; *Huey* v. *Huey*,

65 Mo. 689; *Johnson* v. *Farley*, 45 N. H. 505; *Brittain* v. *Work*, 13 Neb. 347; *Duer* v. *James*, 42 Md. 492; *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264; Monk's Notes, 13 English R. 786.) We discover no error, and the result is that the judgment must be affirmed, and it is so ordered.

STRAHAN J., did not sit in this case.