SPRINGHORN, Receiver, Appellant, *v.* SPRINGER et al.,
RESPONDENTS.

(No. 5,815.)

(Submitted January 9, 1926.   Decided January 28, 1926.)

[243 Pac. 803.]

*Real   Property—Fraudulent   Conveyances—Deed—Nondelivery
—Presumptions.*

Appeal and Error—Conflict in Evidence—Judgment Conclusive.
  1.   Where there is a substantial conflict in the evidence, the judgment
  will not be disturbed on appeal on the alleged ground of insufficiency
  of the evidence to sustain it.

Fraudulent Conveyances—Delivery of Deed Essential to Vestiture of Title
  in Grantee.
  2.   Delivery of a deed to real property, either actual or constructive,
  by which the grantor is divested of title and loses control over the
  property beyond the right of recall, is essential to a vestiture of title
  in the grantee.

Same—Delivery of Deed—Presumption not Conclusive.
  3.   The presumption declared by section 6844, Revised Codes of 1921,
  that a grant duly executed is presumed to have been delivered at
  its date, arising from the certificate of acknowledgment, is not con-
  clusive, but may be overcome by other facts and circumstances, such
  as that the grantor remained in possession and control of the prop-
  erty for many years and up to the time of its recordation, that after
  recordation it was returned to him, *etc.*

Same—Possession of Deed by Grantor Raises Presumption of Nondelivery.
  4.   The possession of a deed by the grantor long subsequent to its
  date and before recordation raises a presumption that it had not
  been delivered, and the burden rests upon the grantee to overcome
  the presumption by satisfactory evidence showing a delivery.

Same—Deed from Husband to Wife—Presumption of Nondelivery—Evi-
  dence of Defendant—Insufficiency.
  5.   In an action by the receiver of a bank (judgment creditor) to
  set aside a conveyance from husband to wife as fraudulent, plaintiff
  had made out a *prima facie* case by showing that the grantor for
  over eleven years after the date of execution of the deed remained in
  possession and control of the property until after an assess-
  ment on his bank stock had been made, whereupon he had it
  recorded, the instrument being returned to him.   Defendants did not

  2.   See 8 R. C. L. 973.
  3.   See 8 R. C. L. 1004.
  5.   Burden of proof as to fraud against creditors in transfer from
husband to wife, see note in 56 L. R. A. 823.

introduce any evidence to overcome the presumption of nondelivery arising from possession of the deed by the grantor. *Held,* that judgment in favor of defendants was erroneous.

---

[1] Appeal and Error, 4 C. J., sec. 2836, p. 858, n. 3.
[2] Deeds, 18 C. J., sec. 94, p. 196, n. 17; sec. 95, p. 199, n. 29, 30.
[3] Deeds, 18 C. J., sec. 493, p. 415, n. 11, 12.
[4] Deeds, 18 C. J., sec. 495, p. 417, n. 28, 29.
[5]. Fraudulent Conveyances, 27 C. J., sec. 415, p. 789, n. 27 New.

*Appeal from District Court, Cascade County; Stephen J. Cowley, Judge.*

ACTION by A. W. Springhorn, as receiver of the American Bank & Trust Company of Great Falls, Montana, against Elizabeth Springer and William Springer. Judgment for defendants and plaintiff appeals. Reversed and cause remanded, with directions to enter judgment for plaintiff.

*Messrs. Norris, Hurd & Rhoades* and *Mr. H. C. Hall,* for Appellant, submitted a brief; *Mr. Hall* argued the cause orally.

A finding of delivery of a deed cannot be based on the fact of acknowledgment alone. (*Humphrey* v. *Hartford Fire Ins. Co.,* 15 Blatchf. (Fed. No. 6874), 35 [see, also, Rose's U. S. Notes]; *Wiggins* v. *Lusk,* 12 Ill. 132; *Baker* v. *Updike,* 155 Ill. 54, 39 N. E. 587; *Burton* v. *Boyd,* 7 Kan. 17; *Govin* v. *DeMiranda,* 76 Hun, 414, 59 N. Y. 337, 27 N. Y. Supp. 1049; see, also, *Boyd* v. *Slayback,* 63 Cal. 493; *Ward* v. *Dougherty,* 75 Cal. 240, 7 Am. St. Rep. 151, 17 Pac. 193; *Alexander* v. *DeKermel,* 81 Ky. 345, 5 Ky. Law Rep. 382.)

For more than eleven years the deed in question was withheld from record. There is no presumption of delivery where a deed is not recorded until long after its date. (18 C. J. 421; *Bouvier-Jaeger Coal Land Co.* v. *Sypher,* 186 Fed. 644; *Equitable Mortgage Co.* v. *Brown,* 105 Ga. 474, 30 S. E. 687; *Hill* v. *McNichol,* 80 Me. 209, 13 Atl. 883; *Walsh* v. *Vermont Mut. Fire Ins. Co.,* 54 Vt. 351; *Knolls* v. *Barnhart,*

71 N. Y. 474; *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341, 50 N. E. 963.)

Where a deed which has been duly executed and acknowledged is subsequently found in the possession of the grantor, a presumption arises that it was not delivered. (18 C. J. 417; *Tweedale* v. *Barnett,* 172 Cal. 271, 156 Pac. 483; *Wilenou* v. *Handlon,* 207 Ill. 104, 69 N. E. 892; *Burton* v. *Boyd,* 7 Kan. 17; *Egan* v. *Horrigan,* 96 Me. 46, 51 Atl. 246; *Powers* v. *Russell,* 13 Pick. (Mass.) 69; *Harvey* v. *Jones & Eaton,* 12 Ohio Dec. 490; *Cassidy* v. *Holland,* 27 S. D. 287, 130 N. W. 771.)

To constitute a delivery there must be both an act and an intent; the intent is most important, and is to be gleaned from the words and acts at the time, the attendant circumstances, and from the subsequent conduct of the grantor. (*Tripp* v. *McCurdy,* 121 Me. 194, 116 Atl. 217; *White* v. *Hendley,* 185 Cal. 614, 198 Pac. 22; *Russell* v. *Mitchell,* 223 Ill. 438, 79 N. E. 141; *Bruce* v. *Mathewson,* 97 Kan. 466, 155 Pac. 787; *Meeker* v. *Spencer,* 41 Cal. App. 400, 182 Pac. 782; *Coles* v. *Belford,* 289 Mo. 97, 232 S. W. 728; *Powers* v. *Rawlees,* 119 S. C. 134, 112 S. E. 78; *Showalter* v. *Spangle,* 93 Wash. 326, 160 Pac. 1042.)

*Messrs. Ayers & Toole,* for Respondents, submitted a brief; *Mr. Warren Toole* argued the cause orally.

By force of section 6844, Revised Codes of 1921, the deed in question is presumed to have been delivered at its date. (*Marple* v. *Jackson,* 184 Cal. 411, 193 Pac. 940, 942; *People* v. *Goodrich,* 41 Cal. App. 38, 181 Pac. 805; *Gurkett* v. *Doty, supra; Eaton* v. *Wilkins,* 163 Cal. 742, 127 Pac. 71, 73; *McGarry* v. *Robinson, supra; McDougall* v. *McDougall, supra; Lewis* v. *Burns,* 122 Cal. 358, 55 Pac. 132, 135; *Gerke* v. *Cameron,* 5 Cal. Unrep. 798, 50 Pac. 434, 436.) The mere delay in recording was not evidence of a nondelivery. The

recording of the deed was not essential to its validity. (*Landers* v. *Bolton,* 26 Cal. 393.)

The circumstance of the signing by respondent grantor of assessment lists of Cascade county is not evidence of non-delivery. (*Ventimiglia* v. *Eichner,* 155 App. Div. 236, 140 N. Y. Supp. 395; *Griffin* v. *Creppin,* 60 Me. 270; *Campbell* v. *Packard,* 61 Wis. 88, 20 N. W. 672; *Matteson* v. *Warwick & C. Water Co.,* 28 R. I. 570, 68 Atl. 577; *Grand Forks County* v. *Frederick,* 16 N. D. 118, 125 Am. St. Rep. 621, 112 N. W. 839; *Knudson* v. *Curley,* 30 Minn. 433, 15 N. W. 873; *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118.)

The mere delay in filing the deed for record was not evidence of fraud. (*Joy* v. *Helbing,* 7 Cal. App. 519, 94 Pac. 863; *Lynch* v. *Sweetland,* 8 Cal. App. 582, 97 Pac. 413; see, also, note in Ann. Cas. 1918A, 1054.)

MR. JUSTICE STARK delivered the opinion of the court.

The American Bank & Trust Company of Great Falls, Montana, at the times herein mentioned, was, and still is, a banking corporation, organized under the laws of this state. On December 3, 1921, this bank, being insolvent, closed its doors to business, and on January 7, 1922, plaintiff was appointed and qualified as receiver thereof, and has continued to act in that capacity at all times since.

On January 15, 1915, the defendant William Springer became the owner of ten shares of the capital stock of this bank of the par value of $100 each, and has since remained such owner. On June 7, 1923, an assessment of $100 per share was duly levied upon all stock in the bank, including that of the defendant Springer. The latter neglected and refused to pay the amount levied upon his stock, whereupon the plaintiff herein, having been duly authorized to do so, brought suit against him to recover the amount. Such proceedings were had in that action that on February 20, 1924, a judgment

was duly given and made therein in favor of the plaintiff and against the defendant for the amount of $1,000, with interest. Execution was issued upon this judgment, but it was found that on June 12, 1923, five days after the levy of the assessment upon his stock, defendant William Springer had recorded a deed purporting to convey all of his property, valued at $8,930, to his wife, the defendant Elizabeth Springer, for a consideration of $1. Thereupon the execution was levied upon the interest of the defendant William Springer in the real property, and, it appearing that he had no other property out of which the judgment could be satisfied, this action was brought to set aside the above-mentioned deed and subject the property therein described to the execution.

The above deed purported to be dated the —— day of March, 1912. It was acknowledged by William Springer before a notary public on March 12, 1912. It was delivered to the county recorder by William Springer in person on the twelfth day of June, 1923, duly recorded in the records of Cascade county and then returned to him. There was no showing that this deed was ever out of the possession of William Springer prior to the time that he turned it over to the county recorder for record, nor was there any testimony that he had ever mentioned the deed to any person. There was no evidence of any change in possession or control of the property conveyed or that the defendant Elizabeth Springer was present when the deed was signed or acknowledged or ever knew of its existence either before or after it was recorded. There was no testimony, direct or indirect, that the $1 mentioned in the deed did not express the full and actual consideration therefor.

At the trial of the case the issues were submitted to a jury for determination, and in response to two special interrogatories submitted they found that the deed in question had been delivered to the defendant Elizabeth Springer before the clos-

ing of the bank on December 3, 1921, and that the transfer
of the property by said deed was made in good faith without
intent to hinder, delay or defraud the plaintiff as receiver
of the bank.

Plaintiff duly moved the court to reject the findings of the
jury and to adopt findings, make conclusions of law, and
enter judgment in his favor, which was denied; but the court
sustained a motion made by defendants to adopt the findings
of the jury and enter judgment in their favor. In accord-
ance with this determination a judgment was entered in favor
of defendants and against the plaintiff, from which the plain-
tiff has appealed.

Only one question is, presented for consideration, *viz.:* Is
[1]　the evidence sufficient to sustain the judgment? Under
the rule heretofore adhered to by this court, if there is a
substantial conflict in the evidence, this court will not disturb
the judgment of the trial court on the ground of its insuffi-
ciency.

It is apparent that the determinative question in the case
is: When, if at all, was the deed from defendant William
Springer delivered to the defendant Elizabeth Springer? If
the deed was delivered in March, 1912, the appellant has no
cause for complaint, for the bank was not then an existing
creditor of the defendant William Springer. On the other
hand, if the deed was not delivered until June, 1923, the date
of its recordation, then the defendants have no defense to
the plaintiff's cause of action, for the plaintiff, as receiver
of the bank, was at that time an existing creditor of the
defendant William Springer, and the defendants did not con-
trovert by evidence, direct or indirect, the presumption of fraud
arising in favor of an existing creditor in respect to a volun-
tary conveyance from husband to wife with the present in-
ability of such husband to satisfy the judgment upon which
the action is based, under the rules laid down in the analogous
cases of *Security State Bank* v. *McIntyre,* 71 Mont. 186, 228

Pac. 618, and *Hart-Parr Co.* v. *Schafer,* 73 Mont. 429, 236 Pac. 675.   This much is conceded by counsel for both sides of the controversy.

Delivery is the final act which consummates a deed.   Until [2]   there was a delivery of the deed by the grantor, William Springer, to the grantee, Elizabeth Springer, title to the described property did not vest in her.   "A grant takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor."   (Sec. 6843, Rev. Codes 1921.)

Actual, manual delivery is not required.   Section 6848 provides: "Though a grant be not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered in the following cases: 1. Where the instrument is, by the agreement of the parties at the time of execution, understood to be delivered, and under such circumstances that the grantee is entitled to immediate delivery; or, 2. Where it is delivered to a stranger for the benefit of the grantee, and his assent is shown, or may be presumed."

The facts and circumstances which have been held sufficient to constitute the actual or constructive delivery of a deed are exceedingly numerous and varied.   (8 R. C. L., p. 985, sec. 53.)   While delivery may be by either words or acts, or both combined, and actual, manual handing over of the deed to the grantee by the grantor is not required, it is settled that delivery is not complete until the grantor has so dealt with the instrument as a means of divesting his title as to lose all control over it and place it beyond the right of recall.   It is required that the grantor shall unequivocally indicate it to be his intention that the instrument shall take effect as a conveyance of property in order to have it produce that result.   (*Hibberd* v. *Smith,* 67 Cal. 547, 56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46; *Fain* v. *Smith,* 14 Or. 82, 58 Am. Rep. 281, 12 Pac. 365.)

To sustain their contention that the deed was delivered in
[3] March, 1912, counsel for defendants rely upon section
6844, Revised Codes of 1921, which declares, "A grant duly
executed is presumed to have been delivered at its date," and
on section 10598, which provides: "Every instrument convey-
ing or affecting real property, acknowledged or proved and
certified, as provided in the Civil Code, and every instrument
authorized by law to be filed or recorded in the county clerk's
office, may, together with the certificate of acknowledgment
or proof, be read in evidence in an action or proceeding, with-
out further proof; also, the original record of such conveyance
or instrument thus acknowledged or proved, or a certified copy
of the record of such conveyance or instrument thus acknowl-
edged or proved, may be read in evidence, with the like effect
as the original instrument, without further proof."

This deed was acknowledged as provided in the Civil Code
(Rev. Codes 1921) and the certificate of acknowledgment attached
conforms to section 6914, which requires it to state that the
person signing the deed acknowledged to the certifying officer
that he executed the same, and so was entitled to be read in
evidence without further proof. "The execution of an in-
strument is the subscribing and delivering it." (Sec. 10581.)

While there is some divergence in judicial expression as to
the effect of the acknowledgment of an instrument, it ap-
pears to us that the better rule is that laid down in the case
of *Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71, 43
N. E. 431, where it is said: "The officer, by a solemn official
act, certifies to the acts and declarations of the person ap-
pearing before him, and those acts and declarations are thereby
stamped with the character of evidence, tending to establish
whatever those acts and declarations would establish if proved
by oral testimony in a court of justice. We think that, as
between the parties, a certificate of acknowledgment, when
read in evidence, makes out a *prima facie* case as strong as
if the facts certified had been duly sworn to in open court by

a witness, apparently disinterested and worthy of belief. The legal presumption of the proper performance of official duty by a public officer requires that this effect should be given it." (*Andrews* v. *Reed* (Kan. Supp.), 48 Pac. 29; *Sheldon* v. *Freeman,* 116 Mich. 646, 74 N. W. 1004; *Currier* v. *Clark,* 145 Iowa, 613, 124 N. W. 622.) This evidence, however, is not conclusive and it may be rebutted by other facts or presumptions. (*Albany County Sav. Bank* v. *McCarty, supra.*)

So, when plaintiff introduced the original record of the deed from William Springer to Elizabeth Springer, he established *prima facie* that it had been signed and delivered; that it was a valid instrument and conveyed the interest it was intended to convey. This fact being established, *prima facie,* the presumption declared in section 6844 would attach; that is, that the deed was delivered at its date, which was March ——, 1912. Had plaintiff stopped at this point, his case would have failed,. but he went further and showed that the grantor, William Springer, had possession of the deed on June 12, 1923, and had, himself, turned it over to the recorder for recordation; that after being recorded it was returned to him; and also that he had remained in the possession and control of the described premises for the eleven years and three months intervening between the date of the deed and the time of its recordation.

It is generally held that the possession of a deed by the [4] grantor long subsequent to its date and before recordation raises a presumption that the same had not been delivered.

Section 6844, *supra,* is identical with section 466 of the Field Civil Code. Under this section, as reported in the Field Code, citation is made to the case of *Harris* v. *Norton,* 16 Barb. (N. Y.) 264, in which it is said with reference to the presumption declared that "It is utterly repelled when it appears in the proofs that the instrument continued in the hands of the grantor after its date." And in the cited case

reference is made to the earlier case of *Elsey* v. *Metcalf*, 1 Denio (N. Y.), 323, wherein it is stated: ''The presumption never prevails against direct evidence. Here there is affirmative proof that some time after the date of this deed it was in the hands of the grantor. This destroys the presumption of a delivery at its date.''

Section 923 of the Civil Code of South Dakota is the same as section 6844, *supra*. In the case of *Cassidy* v. *Holland*, 27 S. D. 287, 130 N. W. 771, the court said: ''Where a deed is found in the possession of the grantor unexplained, the presumptions in relation to the delivery thereof are exactly opposite to those where the deed comes from the possession of the grantee. We are of the opinion that section 923, Civil Code, has no reference to a deed in the possession of the grantor.'' And in that case it was held that the burden was upon the party claiming under the deed to produce before the court satisfactory evidence to overcome the presumption of nondelivery arising from the possession of the deed by the grantor, or, in other words, that the burden was on such party to satisfy the court by evidence that a delivery had been made by the grantor to the grantee. (See, also, *Shelter* v. *Stewart*, 133 Iowa, 320, 107 N. W. 310, 110 N. W. 582; *Tyler* v. *Hall*, 106 Mo. 313, 27 Am. St. Rep. 337, 17 S. W. 319.)

Upon the record before us, when the evidence closed, the [5] plaintiff had made out a *prima facie* case of the nondelivery of the deed prior to the time of the levy of the assessment upon the stock of the defendant William Springer. The defendants did not produce any evidence to overcome the *prima facie* case. It follows that the findings of the jury upon the two questions submitted to them were not supported by any evidence whatever; that the same should have been rejected by the court; and that judgment should have been entered in favor of the plaintiff.

This being an equity case, under the rule announced in *Feeley* v. *Feeley*, 72 Mont. 84, 231 Pac. 908, and *Hart-Parr*

*Co. v. Schafer, supra,* the judgment is reversed, and the cause remanded to the district court, with directions to reject the findings of the jury and to make findings and enter judgment in favor of the plaintiff in accordance with the prayer of his complaint.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Matthews concur.