COOK, APPELLANT, v. RIGNEY, ET AL., RESPONDENTS.

(No. 8,041.)

(Submitted March 17, 1941. Decided June 5, 1941. Resubmitted January 13, 1942. Opinion filed March 27, 1942.)

[126 Pac. (2d) 325.]

Messrs. *H. C. Hall* and *Mr. E. C. Alexander,* for Appellant, submitted an original and a reply brief; *Mr. Alexander* argued the cause orally.

*Mr. E. J. McCabe,* for Respondents, submitted an original and a supplemental brief, and argued the cause orally. *Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* of Counsel on Petition for Rehearing.

HONORABLE GUY C. DERRY, District Judge, sitting in place of JUSTICE ANGSTMAN, disqualified, delivered the opinion of the court.

This action involves the title to a business building in Cut Bank, Montana. The parties will be referred to in their respective positions in the court below. Since only one defendant has any real interest in the action, there will be no reference to the nominal defendants.

Both parties claim title to the property in question through a common source, viz., the former ownership thereof by J. W. Cook. By its judgment the trial court found the issues in favor of the defendant, and made its decree adjudging that Mabel Dean Rigney is the owner and entitled to the possession of the property, and that plaintiff has no valid right, title, claim or ▮ interest therein. No specific findings of fact or conclusions of law were made. Apparently neither party had made any request for findings. Under the doctrine of implied findings, it must be assumed that the trial court found for the defendant on an issue which supports the judgment, and it will be necessary to examine the record to see if the judgment can be supported on any ground.

In his case in chief, plaintiff offered in evidence the record ▮ of the deed conveying title to him from J. W. Cook. The deed was dated, acknowledged and recorded on March 13, 1922, and was in the usual form. These facts made out a prima facie case for the plaintiff, since they give rise to the statutory presumption of delivery. (Sec. 6844, Rev. Codes 1035; *Springhorn* v. *Springer*, 75 Mont. 294, 243 Pac. 803.) Instruments passing title belong to the person in whom such title may be vested, and pass with the title. (Sec. 6815, Rev. Codes 1935.)

The burden was thereupon cast upon the defendent to prove a title superior to that of plaintiff. (Sec. 9018, Id.; *Smith* v. *Whitney*, 105 Mont. 523, 74 Pac. (2d) 450; *Miner* v. *Cook*, 87 Mont. 500, 288 Pac. 1016.) Conceding that if there were no other evidence in the record, plaintiff's case would be complete, the defendant asserts that she has established that the judgment was correct, on two grounds. First: It is contended that the evidence shows that at the time of the purported transfer of the property from J. W. Cook to plaintiff, there was no delivery

of the deed to plaintiff, and that the transfer was consequently void, and for that reason a sheriff's deed (issued to her some two years later in an action by her against J. W. Cook) to "all the right, title, interest and claim which the said judgment debtor, James W. Cook had on the 9th day of September, A. D., 1924, or any time afterwards, or now has in and to * * * [property in question] *and standing of record in the name of R. Cook"*, conveyed good title to her. The action which resulted in a sheriff's deed was neither pending nor in prospect at the time of the transfer to plaintiff, and no contention is made that defendant was adversely affected, as creditor or otherwise, at the time the deed was made. Second: She claims that the evidence establishes a title in her by prescription.

On the question whether there was a delivery of the deed, there was the testimony of S. J. Rigney, defendant's husband and co-defendant. Over objection he testified that in June or July of 1922 (more than sixteen years before the trial) he had a conversation with J. W. Cook, at which time Cook showed him a deed. After examining the record of the transfer from the books of the county recorder, as shown to him during the trial of this action, he stated that the deed shown him was exactly the same. He further testified that Cook had again shown him the deed some time in April, 1923. On the first occasion he said J. W. Cook had told him that he still owned the property, and that he had transferred it for the purpose of "beating Coburn out of an attorney fee;" that the deed had been in his pocket and was going to stay in his pocket, and that in order to collect rent on the property he would get a power of attorney; further, that he was R. Cook. The witness stated that he gained the impression at the time, that J. W. Cook and R. Cook were the same person. On cross-examination he was shown various court files in which he, as an attorney, had thereafter levied upon the property as belonging to R. Cook, and one action in which he, as plaintiff in his own right, had sued R. Cook on a note executed by R. Cook in favor of J. W. Cook, and assigned to him, in which case he had attached the property as.

204

belonging to R. Cook. In this latter case he also filed an affidavit for publication of summons in which he informed the court that R. Cook resided in the state of Illinois. The statements alleged to have been made by J. W. Cook were patently hearsay, and unless they come within one of the recognized exceptions to the hearsay rule, they were not competent for any purpose. No fraud of a creditor was effected by the transfer, to come within the rule announced in *Dick* v. *King*, 80 Mont. 40, 257 Pac. 1022. Such declarations are clearly no part of the *res gestae.* (*Wilson* v. *Davis*, 110 Mont. 356, 103 Pac. (2d) 149.)

"The rights of a party cannot be prejudiced by the declaration, act, or omission of another, except by virtue of a particular relation between them; therefore, proceedings against one cannot affect another." (Sec. 10509, Rev. Codes 1935.) Defendant does not come under the exception provided by section 10510, because under the rule stated, the declaration, to be admissible, must have been made while the declarant *was holding title.* To make such declarations admissible, as repeatedly said by this court, the party offering such testimony must show that the declarations were made while the declarant was holding title to the property in controversy; that the declarant was, in fact, the grantor of the party against whom the declaration is offered; and that the declaration was against interest. (*Washoe Copper Co.* v. *Junila*, 43 Mont. 178, 115 Pac. 917; *Kurth* v. *Le Jeune*, 83 Mont. 100, 269 Pac. 408.) No contention is made by defendant that J. W. Cook did not actually execute the deed in favor of plaintiff. Record title passed by the transfer, and, presumptively, actual title passed. The statement was nothing more than a self-serving declaration, made entirely in favor of his own interest, and not against his interest. It is, therefore, not admissible against the plaintiff, R. Cook, under section 10510 as a declaration made by his predecessor "while holding the title." If admissible against R. Cook at all, it can only be on the theory that R. Cook and J. W. Cook are one and the same person. But obviously that would have to be proven before J. W. Cook's statement could become admissible as evidence

against R. Cook; and the statement could not be used, first to establish its own admissibility, and then to constitute evidence against the plaintiff. Furthermore, it is conceded by defendant that they are not one and the same person, but that R. Cook exists and is the brother of J. W. Cook.

Defendant relies upon other evidence than J. W. Cook's alleged statement to show that J. W. Cook remained the owner.

Assuming that the witness did see the deed in the possession of J. W. Cook (a statement vigorously denied by the latter), some months after the transfer was recorded, that fact does not, of itself alone, prove that there had been no delivery of the deed at the time of the transfer, so as to overcome the presumption to the contrary. Defendant relies on the case of *Springhorn* v. *Springer*, supra. There, possession of the property was held by the grantor for eleven years after deed was made and *before* it was recorded, and it was recorded after a creditor had established a claim against the grantor. On these facts the court said that "it is generally held that the possession of a deed by the grantor long subsequent to its date and before recordation raises a presumption that the same had not been delivered." Here, the deed was made, acknowledged and recorded the same day. J. W. Cook testified that he mailed it to plaintiff immediately after recording, and this is rebutted only by the statement that it had been seen in the possession of J. W. Cook at a time some months later. The testimony that the deed was seen in the possession of the grantor of plaintiff at a time several months after it was recorded, does not show that the deed was continuously in his possession, nor the character of his possession, and other equally permissive inference might be drawn.

Rigney testified, as a bald legal conclusion, that J. W. Cook was in possession of the property in 1922, after the deed was made. The record clearly shows that a tenant was operating the place as a restaurant under a lease during that year. On cross-examination the witness admitted that he would not say J. Cook was in exclusive possession, but that he "once" saw

him in the place with an apron on such as a cook wears. The witness also testified that J. W. Cook at one time had him collect a month's rent on the place. This statement was denied, but it appears the witness then had been told that J. W. Cook had a power of attorney to collect the rent, and it does not appear that the money was retained by J. W. Cook.

The testimony of defendant's witness on this vital point is not very convincing when considered in the light of the surrounding circumstances. He has a very personal interest in the result of the suit. His clear memory of the contents of a deed casually shown him on two separate occasions sixteen years before, by a person who had no reason to do so and whose cause for showing same to him is extremely obscure, as contrasted with a rather poor memory of other transactions covering the property and its use, and of equal importance, coupled with the facts that with such knowledge fresh in his mind, he, shortly thereafter as an attorney acting for clients, attached the property as belonging to R. Cook, and that in another action he was the plaintiff in his own right, and directly sued R. Cook and attached the land as belonging to him, certainly detract from the weight to be given his testimony.

Each case must, of necessity, rest on its own facts. Assuming, but not deciding, that defendant, through the testimony of her husband, showed the possession of the deed by J. W. Cook, at a time several months after it was recorded, and thereby made out a prima facie case of non-delivery, the presumption of non-delivery may be, and here was, amply overcome by direct evidence of delivery. Here, there is direct proof that the deed was mailed to plaintiff immediately after recording, and that possession of the property was in plaintiff through his tenant for about two years thereafter and until defendant took possession. He brought several actions to obtain possession. His ownership was the basis of several actions brought by the witness, both as an attorney and in his own right, as hereinbefore mentioned. The record shows that as late as August 21, 1926, the property in question was sold at sheriff's sale to satisfy a

judgment for costs, as the property of R. Cook, in an action in which defendant here was a judgment creditor and R. Cook was the judgment debtor. The judgment was satisfied from the sale of the property.

We are obliged to hold that any presumption of non-delivery, assuming that the presumption of delivery may be overcome by such a showing, has, in any event, been wholly overcome by the uncontradicted testimony showing that the deed was delivered, and that the defendant, long after the deed was recorded, recognized plaintiff's ownership of the property by her conduct and dealings with it. Can the defendant be permitted to say that the property belonged to R. Cook when it was to her advantage to say so, and deny his ownership when a contrary position is to her benefit?

We have not found a case where there was a similar factual situation. Cases on this general question of fraudulent conveyances usually involve actions brought to make property subject to a creditor's claim in existence at the time of the transfer. Here the claim of defendant is based on a deed obtained in execution of a judgment for alimony in a divorce action, and at the time this transfer was made to his brother by J. W. Cook, the parties were not even married. If we uphold defendant's contention on the bare unsupported statement of her husband, we must deny entirely any credence to uncontradicted evidence, which on the cold record seems much more compatible with probability and reason. Defendant bid in the property in question for $375, although it had a substantial rental value and during the years she has collected rent appears to have brought her at least $12,000 over the amount expended for taxes and improvements, in addition to furnishing two office rooms to her husband for several years.

It is elementary that there were no restrictions on the right of J. W. Cook to transfer his property to plaintiff, with or without consideration, at the time the deed was recorded. The burden of proof placed on a creditor of the grantor is much greater in the situation here presented than would have been

the case had her claim been in existence at the time the transfer was made.

In order to establish a title by adverse possession, it was incumbent on defendant (in addition to payment of taxes) to prove that her holding of the real estate was open, notorious, continuous, exclusive and adverse, under a claim of right, during the full statutory period, and that there was an invasion of the right of the plaintiff which he failed to assert until the full statutory period had passed; or, in other words, that the plaintiff was not possessed of the property in dispute during the ten-year period. (*Bullerdick* v. *Hermsmeyer*, 32 Mont. 541, 81 Pac. 334; *Bearmouth Placer Co.* v. *Passerell*, 73 Mont. 306, 236 Pac. 673; *Hays* v. *De Atley*, 65 Mont. 558, 212 Pac. 296; *Ferguson* v. *Standley*, 89 Mont. 489, 300 Pac. 245.)

During the period of time that the adverse possession here asserted must have been operative under defendant's theory, several actions were brought by plaintiff against defendant to recover possession of the property, but none of them was ever brought to trial. In 1932 plaintiff made a lease on the property to J. W. Cook. The lease was recorded and offered in evidence on the trial. J. W. Cook took possession of the place under the lease, and defendant thereupon brought an action against him praying for a mandatory injunction placing her in possession of the premises. In her complaint is this allegation: ''That the said defendant is occupying said premises, altering and making changes on the building, and removing articles therefrom * * *, that the defendant threatens to, and will, unless restrained by this Honorable Court, continue to occupy and hold said described premises, and exclude the plaintiff, her lessees and agents or employees, therefrom, by force of arms.'' The district court, upon the filing of the complaint and the furnishing of an undertaking, issued a temporary injunction barring plaintiff's tenant from the premises and placing Mrs. Rigney in ''peaceable possession,'' until the further order of the court. The effect of such injunction procured by the defendant was to prevent plaintiff from keeping further

possession through his tenant. In that action plaintiff, with leave of court, filed a complaint in intervention, alleging that the property had been unlawfully detained by Mrs. Rigney. That action is still untried. There are several grounds urged by plaintiff for holding that a title by prescription has not been established, which would be entitled to serious consideration, but since by her own case defendant shows that plaintiff, through his tenant, was in possession of the premises during the statutory period, we need go no further. Her allegation in her complaint that another was in possession of the premises is conclusive upon her in this action. (*Anderson* v. *Mace*, 99 Mont. 421, 427, 45 Pac. (2d) 771; 49 C. J. 122.) It follows that defendant cannot prevail on either theory advanced by her.

The judgment in this case can only determine the rights of the parties to this proceeding, as between them. Plaintiff made out a prima facie case, and, there being no competent evidence offered on the part of defendant to overcome it, must prevail. We are not called upon to decide whether the proof made by plaintiff would be sufficient to establish his ownership of the property. He could have made out a stronger case than he did. However, as between himself and defendant, he established a superior title to the property.

It is, therefore, ordered that the judgment be reversed and the district court directed to enter judgment in accordance with the prayer of the complaint.

It is ordered that the opinion heretofore promulgated on June 5, 1941, be withdrawn and this one substituted in its place.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS, deeming himself disqualified, takes no part in the above decision.

Rehearing denied June 11, 1942.