446

JAME B. ROBINSON, ᴇᴛ ᴀʟ., Pʟᴀɪɴᴛɪꜰꜰꜱ ᴀɴᴅ Rᴇꜱᴘᴏɴᴅᴇɴᴛꜱ, *v.* EARL LAFFON, ᴇᴛ ᴜx., ᴇᴛ ᴀʟ., Dᴇꜰᴇɴᴅᴀɴᴛꜱ ᴀɴᴅ Aᴘ-ᴘᴇʟʟᴀɴᴛꜱ.

No. 9632.
311 Pac. (2d) 768.
Submitted April 23, 1957. Decided May 16, 1957.

Mr. S. P. Wilson and Mr. M. K. Daniels, Deer Lodge, Mr. Shelton R. Williams, Libby, for appellants.

Mr. Thomas P. Delaney, Spokane, Wash., and Mr. Oliver Phillips, Libby, for respondents.

Mr. Daniels argued orally. No appearance for respondents.

MR. CHIEF JUSTICE HARRISON:

Plaintiffs brought this action to quiet title to certain mining claims located in the Copper Mountain (unorganized) mining district in Lincoln County, Montana.

Defendants appeared by answer, denying the allegations of the complaint and further alleged that they claimed title to certain mining claims, which for brevity herein will be called the Mariposa Lilly Group, and which embraced within their boundaries some, or all, of the lands embraced within the boundaries of the mining claims described in the plaintiff's complaint. By separate defense defendants alleged that the plaintiffs claimed title to the mining claims described in the complaint on July 1, 1951, but that they failed and neglected to do and perform, or cause to be done and performed, $100 worth of labor or improvements on or for the benefit of such claims during the fiscal year ending July 1, 1951, or for the fiscal years of 1952, 1953, and 1954, and by reason thereof the claims became forfeit and open for relocation; that before any work was resumed upon the plaintiffs' claim the defendants entered upon the claims and discovered veins or lodes of rock in place, bearing barite; that defendants posted at the point of discovery written notice of location and within thirty days after posting, distinctly marked the locations on the ground so that the boundaries of each claim could be readily traced; that within sixty days of posting the notices, they opened a cut upon each claim disclosing the vein, lode or deposit, and that each cut constituted an excavation in excess of 150 cubic feet; that on September 2, 1954, and within sixty days of posting the notice they filed certificates of location in the office of the clerk and recorder as to part of the claims and as to the others they were filed on September 24, 1954; that on October 21, 1954, they posted an amended notice of location at the original point of discovery on each claim and filed

amended verified certificates of location in the office of the clerk and recorder; that defendants claimed title to and are in possession and entitled to the possession of the mining claims. By way of cross-complaint defendants sought to quiet title to their mining claims known as the Mariposa Lilly Group.

By reply the plaintiffs generally denied all the allegations of the answer and the separate defense and generally denied the allgations of the cross-complaint and prayed for judgment as demanded in their complaint.

The cause came on trial before the court, sitting without a jury. Counsel for the defendants stated they were willing to stipulate that the plaintiffs would not have to deraign their title, and admitted the plaintiffs at least had some interest in the property and sufficient title to bring the action. The defendants then introduced evidence under their separate defense and cross-complaint and plaintiffs presented their evidence. The statement made at the opening of the case by counsel for the defendants was formally stipulated into the record, being:

"It is stipulated by and between parties hereto, through their respective attorneys, as follows: Whereas, answering defendants admit that plaintiffs and cross-defendants have or had title and right to possession to the claims described in plaintiffs' complaint depending upon whether or not the assessment work was performed for the fiscal year 1954; it is stipulated and agreed as to the answering defendants that plaintiffs have such title as to enable them to maintain their action against these answering defendants if it can be established by the plaintiffs that they did the assessment work required, and that the plaintiffs shall not be required to deraign their title."

The issue as between plaintiffs and defendants was thus narrowed to the question of whether or not the plaintiffs had done the assessment work for the fiscal year of 1954. Following completion of the trial the court made findings of fact which, so far as pertinent to this appeal, found that the plaintiffs at all times during the year ending June 30, 1954, "were the owners and holders of the mining claims described in their complaint.

That during said year they did assessment work on the Tungsten King, one of said claims, to the value of $100, and no more.
\* \* \*

"That between July 1 and December 1, 1954, defendants made attempted locations of the lode mining claims described in their answer [being the Mariposa Lilly Group], largely overlapping plaintiffs' claims and did the necessary discovery work and posted proper notices of locations \* \* \* and marked the boundaries \* \* \* as required by law. \* \* \* That defendants filed with the County Clerk of Lincoln County certificates of location purporting to cover said claims, and on October 21, 1954, filed amended certificates of location with the County Clerk for the purpose of correcting said original notices, and for the purpose of complying with section 50-702 of the Revised Codes. That said certificates of location were so indefinite and uncertain that, in the case of each claim, it would be very difficult or perhaps impossible, taking the discovery as the initial point, to locate the corners of the claims from the information contained in the certificate. That the respective certificates of location did not set out the directions and distances claimed along the course of the veins each way from the discovery shafts; that except as to their Mariposa Lilly Claim Number Three, said notices did not set out the location of the discovery shafts. Said certificates of location, being Defendants' Exhibits No. 1 to 9 inclusive, are by reference made a part of these findings."

The court then concluded as a matter of law that the defendants' notices of location are void, and that they have no rights in said claims, or any thereof; that the failure of the plaintiffs to do the necessary assessment work in 1954 is not an issue in the case for the reason that defendants have perfected no rights to any of the ground covered by plaintiffs' claims.

Thereafter decree quieting plaintiffs' title to the mining claims was entered by the court. From this decree the defendants have appealed and specify, (1) that the court erred in finding the evidence sufficient to justify finding of fact that plaintiff had done work of the value of $100 on the Tungsten King Min-

ing Claim; (2) that the defendants' notices of location are void; (3) in making and entering decree against the defendants, and in favor of the plaintiffs; and (4) in not making and entering decree in favor of defendants and against the plaintiffs.

In the lower court the defendants undertook two burdens, first to prove that the plaintiffs had not performed the assessment work on their claims, and that by reason thereof the claims have become forfeited and open for relocation; and second to prove they had valid claims to the lands embraced within the Mariposa Lilly Group.

With reference to the first proposition the evidence of the defendants consisted of several witnesses who testified they had been to the vicinity of a certain tunnel on the claims of the plaintiffs on various occasions in the year 1954, starting with July 9 until about October 14 or 15. The substance of their testimony was that the tunnel was blocked by debris; that there were some boards and timbers there; that they saw no evidence of recent work having been done; that there was some vegetation at the mouth of the tunnel.

Plaintiff's testimony indicated that in the year 1954 James B. Robinson worked from May 5 to 10 on the tunnel; that he and another person worked from June 2 to 13 on the tunnel and they described the particular work done by them.

Plaintiffs filed affidavits of proof of labor on June 17, 1954, in the office of the Clerk and recorder of Lincoln County, Montana.

The testimony indicates that the mouth of the tunnel is located on a steep incline, that debris when brought out of the tunnel would slide down the hill. The testimony of the defendants is entirely negative; the witnesses did not see any work, but those who were at the tunnel admitted there were boards in front of it but they did not enter the tunnel to examine it. The assessment work claimed to have been performed by the plaintiffs was inside the tunnel which is approximately eighty feet long and would have to be observed by an examination of the interior thereof.

Defendants assert that because the entrance to the tunnel was almost completely closed on July 9, 1955, and thereafter that its portal was so obstructed by dirt and debris as to almost prevent entry into it, proves that the assessment work was not done as claimed by the plaintiffs.

Plaintiff, James B. Robinson, testified that he had put boards over the portal of the tunnel, set them up, upended them, and covered it up for the purpose of keeping the dirt from running back into the tunnel, and to keep anything out of it. The defendants' witnesses testified as to the presence of these boards blocking the entrance to the tunnel and they also show in the photographs received in evidence.

In this case the court was the trier of the facts, and on this issue found in favor of the plaintiffs. We believe there exists in the record substantial evidence to support the court's finding, and it should be sustained. Kommers v. Palagi, 11 Mont. 293, 108 Pac. (2d) 208; Morris v. Hall, 122 Mont. 418, 205 Pac. (2d) 800, 208 Pac. (2d) 1049.

As to the second proposition the defendants offered in evidence their amended certificates of location covering the Mariposa Lilly claims, and admit that the sufficiency of the description is a question of fact for the court. See Bramlett v. Flick, 23 Mont. 95, 57 Pac. 869; Leveridge v. Hennessy, 48 Mont. 58, 135 Pac. 906.

By virtue of the stipulation a *prima facie* case was made for the plaintiffs. The burden was thereupon cast upon the defendants to prove a title superior to that of the plaintiffs. Cook v. Rigney, 113 Mont. 198, 126 Pac. (2d) 325.

The defendants must then succeed on the strength of their own title and not on the weakness of the plaintiffs. McAlpin v. Smith, 123 Mont. 391, 213 Pac. (2d) 602.

Defendants made discovery on July 9, 1954, recorded notices of location in the clerk and recorder's office on September 2, 1954, on part of the claims, the remainder on September 24, 1954, and on October 21, 1954, they filed amended notices of location.

452

It would serve no purpose to set out each of the descriptions contained in the amended notices of location since they are similar in nature, but we set forth the description of the exterior boundaries of the Mariposa Lilly Group Number One, lode mining claim, as shown therein. Correcting the spelling of the words, it reads:

"Beginning at discovery end line southern from the center line in a northern direction 1000′ is the discovery shaft and notice posted thence 500′ in a southern direction a total of 1500 ft. the northern end 600 end line of Mariposa Lilly Claim. This shaft is the true apex out crop sinking and cross cutting of said lode vein south 500′ of discovery, one hundred twenty ft. by eight ft. by twelve ft."

The plaintiff and his employee testified that in the fall of 1954 they found one of the location notices, took a copy of it and they walked in every direction to see if they could find location posts or monuments; that they did not find any; that they spent all day trying to locate some corner or monument or posts for corners, and that they found no work of any kind. Plaintiff further testified that he could not find any new tunnels or shafts on his property in the fall of 1954 though he was there on several occasions.

In the court below, a tracing of the claims as laid out was used and much of the testimony with regard to the locations and roads was by reference to this tracing. This was never offered in evidence and it is impossible for us to correlate the testimony of witnesses when they are indicating by reference to the tracing. Even with the aid of the tracing in the court below at the conclusion of the trial, the court found that the certificates of location were so indefinite and uncertain that it would be very difficult, or perhaps impossible, to locate the corners of the claims.

In Thompson v. Barton Gulch Mining Co., 63 Mont. 190, 207, 207, Pac. 108, 113, we held that the statute, now R.C.M. 1947, section 50-702, must be substantially complied with. As we said there:

"The statute requires that the boundaries of a location shall be so definite and certain that, taking the discovery as the initial point, they may be readily traced; and the declaratory statement shall furnish such information that a person of reasonable intelligence may find the claim and run its lines."

In Leveridge v. Hennessy, 48 Mont. 58, 135 Pac. 906, 908, we stated:

"While neither mathematical precisions as to measurements nor technical accuracy of expression is expected, the degree of accuracy that is required is indicated by the fact that the locator after his discovery had 30 days in which to definitely ascertain the course of the vein and mark his boundaries and 30 days more in which to file his declaratory statement describing his claim so that it could be identified."

It appears obvious that the descriptions do not substantially comply with R.C.M. 1947, section 50-702, within our interpretations thereof in the cases hereinbefore referred to.

Defendants contend that defects in the notices of location are immaterial so far as plaintiffs are concerned because they haw actual notice, and cite R.C.M. 1947, section 50-713, as authority. This section provides in part: "* * * and no defect in the posted notice or recorded certificate shall be deemed material, except as against one who has located the same ground, or some portion thereof, in good faith and without notice."

This statute is not applicable here. From the testimony in this cause it appears that defendants were aware of the claims of plaintiffs and were watching to ascertain whether plaintiffs performed their assessment work. Plaintiffs had been interested in their claims for twenty-one years and they were originally located in 1930. One of the defendants had been familiar with the area of the claims since 1932. Defendants in such circumstances cannot maintain that they located their claims without notice of the prior claims of plaintiffs.

For these reasons the findings and judgment of the trial court must be sustained.

454

The judgment is affirmed.

MR. JUSTICES CASTLES, BOTTOMLY, ANGSTMAN and ADAIR, concur.